(February 8, 1886.)

## MONTANDON v. WALKER.

[9 Pac. 608.]

FINDINGS OF REFEREE—ERROR—AFFIRMATIVE SHOWING.—The party alleging error in the findings of a referee must make it affirmatively appear.

SAME—PRESUMPTION OF CORRECTNESS OF FINDINGS.—Where appellant fails to show, affirmatively, error in the findings of a referee, the correctness of such findings are presumed, and judgment thereon will be affirmed.

APPEAL from District Court, Alturas County. Affirmed.

A. F. Montandon, for Appellant.

The referee failed to find upon all the material issues raised by the pleadings and the plaintiff was entitled under the code,

as a matter of right, to such findings, and such failure is ground for reversal. (Hayne on New Trial and Appeal, sec. 239, subd. 2, p. 718, and cases cited.) A judgment based upon findings which do not determine all the issues raised by the pleadings is a decision against law, for which a new trial may be had. (*Knight v. Roche,* 56 Cal. 15; *Brown v. Burbank,* 59 Cal. 535; *Soto v. Irvine,* 60 Cal. 436.)

L. Vineyard and Angel & Sullivan, for Respondent.

The finding need not be directly and pointedly made that each of the several allegations of the complaint or the answer is, or is not, true, but if the court finds such facts as will be sufficient to necessarily determine every material issue in the cause, the requirement of the law in that respect will be satisfied. (Hayne on New Trial and Appeal, 723; *Schroeder v. Jahns,* 27 Cal. 281.)

HAYS, C. J.—Appellant brought this action in the district court of Alturas county against the respondent to recover a *quantum meruit* for professional services as an attorney at law rendered by appellant for respondent. The complaint sets out three causes of action. The defendant answers by a general denial; also attempts a special denial of each of the causes of action. The answer also alleges that all the services set forth in the complaint were performed under a special agreement for a stipulated price, and that the plaintiff had been fully paid therefor. While the answer may have been open to criticism, in not having been as specific in denial as the code requires, yet it was treated by the parties as sufficient, and no objection made to it in the court below. By consent of parties the cause was duly referred, to be heard, tried, and determined. It was afterward tried by the referee, and he found in favor of defendant, and judgment was entered accordingly, from which plaintiff appeals to this court. It was contended that the referee did not file his report within twenty days after the close of the testimony in the case. While the statute is doubtless directory (Hayne on New Trial and Appeal, sec. 246, and cases there cited), yet if it is mandatory, no such error appears, and this court must presume that the report was

filed in time. (*Hazard v. Cole,* 1 Idaho, 276; Hayne on New Trial and Appeal, sec. 285.)

It is also contended that the referee failed to find on all the material issues. We think this position not well taken, the *onus* being upon the appellant to show that error was committed, and having failed to do so, we think the judgment should be affirmed.

Buck and Broderick, *JJ.,* concurring.