HUSTON, C. J.
This purports, by the notice of appeal in the record, to be an appeal from a judgment “entered on the --day of-, 188 — ; .... also from the order denying defendants’ motion to discharge receiver, made herein on the minutes of the court; also from the order adopting the report of the referee made and entered on the twenty-ninth day of April, 1892; also from the order denying defendants’ motion to stay execution on said judgment, made and entered on the *? sixteenth day of November, 1893.” The notice of appeal was filed November 33, 1893. There is no proof of service of the notice of appeal. There is no bill of exceptions in the record, nor does it appear that any statement was ever agreed to or-signed by the attorneys of the parties, or settled or signed by the judge of the district court or by the referee. The appeal from the judgment not having been taken within sixty days-after entry of the judgment, we could not review the evidence,, were it properly before us, which it is not.
What purports to be the report of the referee appears in the record, but it does not appear in any bill of exceptions or statement prepared as required by the Code of Procedure. The order denying the defendants’ motion to discharge the receiver is not an appealable order, nor is the order overruling defendants’ demurrer to the complaint, nor the order adopting the report of' the referee.
No motion for a stay of execution, or any order therein by the district court, appears in the record. The record shows that the default of the defendants, for want of answer, and judgment thereon, was entered by the clerk on November 17,. 1891; and, while there does not appear any action by the court in relation thereto, it seems to have been treated as a nullity in the subsequent proceedings in the ease. We do not understand -why it appears in the record. The most and all this court can properly do upon this record is to review the caseupen the judgment-roll, and in so doing the first question that arises is on the sufficiency of the complaint. Defendants filed a demurrer to the complaint, in which various grounds of demurrer are set forth, but the record does not show what the action of the court upon the demurrer was, whether it was overruled or sustained, or whether any action at all was had upon it.. How can we be called upon to review the action of the district court when the record fails to show what the action of the court was, or whether it took any action in the matter? We are not at liberty to infer what the action of the district court was, and predicate our decision upon such inference. Such a course-would be palpably unjust to the lower court, and would, moreover, recognize and encourage a laxity in practice which seems-to have been carried to the ultimate in this ease. We have,. however, carefully examined the complaint in the record, and we do not find that any of the objections raised by the demurrer are well taken.
It is objected by appellants that the referee made and filed conclusions of law, when the order of the court simply required of him that he take the proofs, and make return of findings of fact. But the record shows that the court ignored the conclusions of law reported by'the referee, and made its own conclusions of law. We see no force in this objection.
The next and only remaining question we are called upon to consider upon the record in this case is the order of the district judge in denying the motion of defendants to vacate the order appointing a receiver. We see no error in this action of the district court. The case made by the complaint was clearly one in which the appointment of a receiver was eminently proper. A large amount of property, in which the plaintiff claimed an interest, and which was at the time in the possession and under the control of the defendants, was being absorbed and disposed of, or allowed to depreciate in value, through their remissness, We see no error in the action of the district court in refusing the motion to set aside the order appointing the receiver. We have given the record in this ease more consideration than it is entitled to in the condition in which it comes before us. The statutes and the rules of the court in regard to appeals are plain and simple, and, unless counsel pay attention to them in bringing their eases here for review, they must abide the consequences of their own laches. It is not the province of the court to supply the deficiencies in a record by inference or supposition. The judgment of the district court is affirmed, with costs.
Morgan and Sullivan, JJ., concur.