(February 4, 1899.)

# ZION'S CO-OPERATIVE MERCANTILE INSTITUTION v. ARMSTRONG.

### [56 Pac. 168.]

FORECLOSURE—RECORD ON APPEAL FROM JUDGMENT—SPECIAL VERDICT—FINDINGS BY THE COURT—CONFLICT OF EVIDENCE.—Unless the record contains the evidence, this court cannot determine whether the special verdict of a jury, or the findings of fact by the court are supported by the evidence.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

Chalmers & Ryan, for Appellants, cite no authorities upon the question decided by the court.

Dietrich & Stevens, for Respondent.

The record in this case properly consists of the complaint, demurrer, order overruling demurrer, answer, decision, judgment and the stipulation as to testimony. The appeal is from the judgment, and substantially without statement or bill of exceptions. The stipulation as to the evidence is insufficient upon which to predicate or assign any error. It does not purport to present the weight or verity of the testimony introduced, or any ruling of the court touching the admissibility of evidence or the propriety of instructions, if there were any. The verdict of the jury was merely advisory, which the court could adopt or not, as it chose. (*Prichard v. Butler*, 4 Idaho, 518; 43 Pac. 73.)

SULLIVAN, J.—This is an action of foreclosure. The instrument sought to be foreclosed, on its face is a warranty deed. The defense is that the deed was given in full payment and satisfaction of an indebtedness of $3,000, exclusive of interest. The trial was before the court with a jury. The jury found a special verdict, which the court disregarded, and made its own finding of facts, and entered judgment and decree for the plaintiff. The appeal is from the judgment.

The transcript in this case consists of the notice of appeal, judgment-roll, and a bill of exceptions or statement of the case,

upon which the appellants rely. (Rev. Stats., sec. 4818, subd. 2.) Revised Statutes, section 4456, provides that the judgment-roll, in cases like that at bar, shall consist of the pleadings, a copy of the verdict of the jury or the finding of the court, all bills of exceptions taken and filed, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment. The transcript contains no bills of exceptions or statement. As the verdict of the jury was special and advisory only, and the court refused to adopt it, but made findings of fact of its own, this court is unable to determine whether the verdict of the jury or the findings of fact made by the court is supported by the evidence, for the reason that the evidence is not contained in the record. The transcript contains a stipulation which clearly shows that there was a conflict of evidence on the contested questions of fact, and the general rule is that, when there is a substantial conflict of evidence (especially oral evidence), the court will not disturb the findings of fact made by the court. For the foregoing reasons the judgment must be affirmed. Cost awarded to respondent.

Huston, C. J., and Quarles, J., concur.

ON REHEARING.

(February 14, 1899.)

Per CURIAM.—A petition for rehearing has been filed on behalf of the appellants, which we have fully considered. The petition is a reargument of the cause in some of its phases, and presents no question of fact or of law not considered on the hearing, and nothing new in the way of authority. The appeal in this case is upon the judgment-roll, which does not contain the evidence, there being no bill of exceptions therein. But the record does show that both parties introduced evidence, and there is a stipulation in the record showing that the evidence upon the main point, whether the deed and agreement were intended by the parties as a mortgage or not, was conflicting. The evidence not being before us, we are unable to determine whether the findings of the court are sustained by the

evidence or not. The findings cannot, under these circumstances, be disturbed. No reversible error appearing upon the judgment-roll, the judgment was properly affirmed. A rehearing is denied.