GEORGE C. BRADY, *et al., vs.* DELAWARE MUTUAL LIFE INSUR-
ANCE COMPANY.

*Assumpsit—Demurrer—Estoppel — Corporation — Pleading — In-
surance Policy.*

1. When a defendant corporation which at one time had a legal existence, has contracted with the plaintiff as such corporation, and in the apparent exercise of corporate franchises and powers, and from time to time thereafter reaffirmed its existence and powers by the acceptance of premiums due and owing on the policy, is sued on such policy, it will not be permitted to deny its own existence, and thus escape liability for its contract.  It will be estopped from denying its corporate liability, and pleas setting up such defense will be held bad and insufficient in law.

2. When the matter which operates as an estoppel appears by the record, the plaintiff may demur to the pleas by which the defendant attempts to set up such matter as a defense.

*(September 29, 1899.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Prickett* and *Charles M. Curtis* for plaintiff.

*Benjamin Nields* for defendant.

Superior Court, New Castle County, May Term, 1899.

ACTION ON THE CASE (Number 30, November Term, 1895).

Demurrer; argued at the May Term, 1899.   The following opinion which was rendered September 29, 1899, states the facts and the contentions of counsel.

PENNEWILL, J.:—On February 12, 1869, the Delaware Mutual Life Insurance Company issued to George A. Brady a policy of insurance on his life for the sum of $3000.00, payable at the death of the insured to his wife, and if she be then dead, to his children.   The premium on said policy was $57.87 and payable

quarterly.   The declaration alleged that fourteen quarterly prem-
iums were paid by the insured, the last payment being on May 12,
1872.   The insured died on September 21, 1894, his wife having
previously died; and the children who were at that time the bene-
ficiaries under the policy, entered suit thereon to the November
Term of this Court, 1895, for the proportionate sum claimed to be
due according to the amount of premiums paid.

The first count of the declaration is upon the policy, and the
remaining ones are the usual common counts.

The defendant appeared generally to the suit, and to the decla-
ration of the plaintiff filed the following pleas: (1) *Nil debit.* (2)
*Non est factum.*   (3) That the defendant was a corporation created
by the General Assembly of the State of Delaware by an act
passed at Dover March 20, 1867; that under and by virtue of the
laws of the said State of Delaware the existence of said corporation
was limited to a period of twenty years from and after the date of
the passage of said act, to wit, to the 19th day of March, 1887;
that said act of incorporation was not re-enacted by the said Gen-
eral Assembly, nor extended, nor renewed, and that said action was
commenced on November 21, 1895, to wit, eight years and eight
months after the existence of said corporation had by law ceased.
(4) That the said defendant was a corporation created by the Gen-
eral Assembly of the State of Delaware by an act passed at Dover
March 20, 1867; that said act was not of a public nature or pub-
lished as such, and that the same was not recorded in the Recorder's
office in one of the counties of the said State of Delaware within
twelve months after its passage, or at any time thereafter, and that
said act thereby, under the laws of the said State of Delaware be-
came void, and was void at the time of the commencement of said
action.

To the said third and fourth pleas the plaintiff has demurred,
and the case is now before us on these demurrers.

It is insisted that said third and fourth pleas are insufficient
in law; and among the objections made thereto at the argument

was the following : that the defendant is estopped by its dealings with the plaintiff to deny its corporate existence.

It is admitted that the defendant company was regularly and legally incorporated by an act of the General Assembly passed March 28, 1867, and was at one time a perfectly valid and subsisting corporation of this State. It appears by the declaration of the plaintiff, and is not denied by the defendant, that the defendant as such corporation, and apparently in the exercise of the powers conferred by its charter, entered into the contract with the insured evidenced by the policy sued upon in this action. Even if the defendant corporation, at the time of the making of said contract, did not exist *de jure*, it certainly was a *de facto* corporation. It was acting under a charter legally created, and which it believed to be still legally existing. It assumed to act as a corporation, and exercise the franchises and powers of a corporation. It possessed every element of at least a *de facto* existence, and the authorities are overwhelming in holding that such a corporation, when sued on an obligation or undertaking, made by it in its corporate name and character is estopped to deny the validity of its corporate existence. " A corporation cannot defeat its bonds by alleging a want of lawful corporation, or its mortgage by alleging that the mortgagee is not a corporation. Assuming to act as a corporation is claim of franchise. The general, if not universal, rule is that courts do not allow parties to suits on contracts to question the due incorporation of a company which it was possible to incorporate, which has attempted to incorporate and which has acted as a corporation.

*Phinizy vs. Augusta and K. R. Co., et al., 62 Fed., 678 ; Cook, Stock S. and Incorporation Law, Sec. 637 and cases cited; Wallace vs. Loomis, 97 U. S., 146 ; United States Express Co. vs. Bedbury, 34 Ill., 459 ; Farmers Loan and Trust Company vs. Toledo A. A. & M. M. Ry. Co., 67 Fed., 55–56, and cases therein cited ; Commissioners of Douglass County vs. Balles, 94 U. S., 104.* In the last case the Court said : " It " (the corporation) " has been a corporation *de facto*, at least, if not *de jure*, from the date of its or-

ganization. Its corporate existence therefore, and its ability to contract, cannot be called in question in a suit brought upon evidence of debt given by it."

In the case of *Farmers Loan and Trust Company vs. Toledo,* etc., in which proceedings were had to foreclose a mortgage given by the corporation, the Court said: "No objection seems to have been made by any stockholder or by the State to the exercise by the defendant company of its franchises as a consolidated corporation of Ohio and Michigan. It actually exercised franchises as such corporation. It may be true that the failure to give the notice required in the statute, or the failure to file the certificate of consolidation required in the statute prevented the new consolidated company from being legally incorporated under the laws of Ohio, but is manifest that the new consolidated company was a *de facto* corporation of Ohio. * * * It is too well established to need discussion that both a *de facto* corporation and the persons exercising the rights of stockholders in such corporation are estopped to assert its unauthorized existence as a corporation to avoid a debt incurred by it in the actual exercise of its corporate franchises and the doing of corporate business."

Some courts have gone so far as to hold that a corporation may exist *de facto* by merely assuming a corporate name and carrying on business thereunder and should not be permitted to deny its corporate existence. The learned Judge in *United States Express Co. vs. Bedbury, 34 Ill., 459,* said: "Such a name (United States Express Co.) imports that those doing business by that name are an incorporated company. An association of persons who assume a name which imports a corporate existence, and by it exercise corporate powers, should not be permitted to deny their corporate existence. When they do act and contract they are estopped from denying their corporate liability.

*Stoddard vs. Onondaga Conference, 12 Barb., 570.*

We are not in the present case asked to go to such length, for the question presented to us is, whether the defendant, which is ad-

mitted by the defendant to have been at one time a legal corporaration, after having contracted with the plaintiff as such corporation, and in the apparent exercise of corporate franchises and powers, and having from time to time thereafter reaffirmed the existence and powers of said corporation by the acceptance of premiums due and owing on the policy, may be permitted to deny its own existence, and thus escape liability for its contracts.

Under the law as laid down by text writers, and approved by the courts generally, we are of the opinion that the defendant cannot be permitted to do this, and accordingly hold that said third and fourth pleas are bad, and insufficient in law. Any other position would manifestly be repugnant to the best authority and reason.

It only remains to consider whether such insufficiency of said pleas can be taken advantage of by demurrer. There seems to be no doubt that when the matter which operates as an estoppel appears by the record, the plaintiff may demur to the pleas by which the defendant attempts to set up such matter as a defense.

*1 Saund. 325, a-note 4; Palmer vs. Elkin, 2 Stra., 817; Parker vs. Manning, 7 T. R., 537; Blake vs. Foster, 8 T. R., 487; Taylor vs. Needham 2 Taunt, 278.*

In *Chitty's Pleading (16th Edition), Vol. 1, page 629*, it is laid down that " when the matter which operates as an estoppel appears on the face of the declaration, the plaintiff may demur to a plea by which the defendant attempts to set up such matter as a defense." *Stephen on Pleading, 220,* is to the same effect. But, " if the matter of estoppel do not appear from the anterior pleading, the replication must expressly show such matter and rely thereon."

In the present case the matter of estoppel does clearly and unmistakably appear from the anterior pleadings, viz., from the declaration filed in the case.

The demurrers are therefore sustained, and the defendant having requested that the plea of *respondeat ouster* be entered, it is so ordered.