[Civ. No. 274.  Second Appellate District.—January 30, 1906.]

## BARTOLO BALLERINO, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

JUDGMENT—FINDINGS—COURT MAY VACATE IMPROPER JUDGMENT.—The superior court has jurisdiction, on motion of the party entitled to judgment, to vacate a judgment as entered, which was inconsistent with, and not supported by, the findings of fact, and to enter the proper judgment.

ID.—CERTIORARI—JURISDICTION—EVIDENCE IMPEACHING JUDGMENT-ROLL. In a proceeding in *certiorari* to review the action of the trial court in vacating a judgment, the record or judgment-roll cannot be impeached for want of jurisdiction by evidence *aliunde*, and the minutes and files of the court are inadmissible for that purpose.

APPLICATION for a writ of review to the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

George S. Hupp, for Petitioner.

Hugh J. Crawford, for Respondent.

SMITH, J.—Order for the defendant court to show cause why a writ of *certiorari* should not be issued reviewing its action "in setting aside and vacating a certain judgment rendered on the twenty-seventh day of December, 1905," in the case of *Crawford* v. *Ballerino*, appealed from a justice's court. In the certified copy of the judgment-roll of the case presented by the defendant two judgments appear: The one entered December 29, 1905, in favor of the plaintiff for the sum of $1 and costs; the other entered January 8, 1906, also in favor of the plaintiff, for the sum of $200 and costs. The former judgment contains the finding that the allegations of the complaint are true and those of the answer untrue, and the conclusion of law that the plaintiff is entitled to the judgment rendered, i. e., for the sum of $1 and costs. The later judgment, it appears from the recitals therein, was entered on the motion of the plaintiff to vacate the earlier judgment, on the ground that the same was not consistent with or supported by the findings of fact, and to enter the proper judgment.

Upon the facts thus appearing, there can be no doubt that these proceedings of the court were within its jurisdiction. (Code Civ. Proc., sec. 663; *Galvin* v. *Palmer,* 134 Cal. 426, [66 Pac. 572]; *Colton L. & W. Co.* v. *Swartz,* 99 Cal. 278, [33 Pac. 878]; *Tyrrell* v. *Baldwin,* 67 Cal. 1, [6 Pac. 867].) But the contention of plaintiff is that another and different judgment from that of December 29th was rendered by the court on the 27th, as evidenced by an opinion of the court dictated on that day and signed and filed by the judge either on that or the following day, and by an entry in the minutes of the court, and that it was not within the jurisdiction of the court to vacate this order. But it is a familiar principle that the record or judgment-roll cannot be impeached for want of jurisdiction by evidence *aliunde,* and hence, that the minutes and files of the court are inadmissible for that purpose. The case therefore comes directly within the application of the authorities cited above.

The writ is therefore denied.

Gray, P. J., and Allen, J., concurred.