Points Decided.

(April 30, 1921.)

G. A. BERGH and JENNIE BERGH, Appellants, v.
C. E. PENNINGTON, IRA E. BARBER, W. T.
BURKE, H. F. BENSON, C. F. GUTHMAN, J. J.
GOEHRY and H. R. NEITZEL, Sole Surviving Part-
ners of the Copartnership Doing Business Under the
Firm Name and Style of MURPHY LUMBER COM-
PANY; G. A. BERGH, JENNIE BERGH, CHAR-
LOTTE BERGH, FRANK A. BAYLEY and W. W.
PHILLIPS, as Trustees of the BERGH MINING &
MILLING COMPANY, a Defunct Corporation; IRA
E. BARBER, Trustee; W. W. PHILLIPS, W. S.
CROSSMAN, F. T. BAYLEY, G. A. PERKINS,
W. B. HERR, F. T. BAYLEY and W. WILSON, Co-
partners Doing Business Under the Firm Name and
Style of HERR, BAYLEY & WILSON; F. S. BAY-
LEY, Trustee; IDAHO OREGON LEASES, a Cor-
poration; R. H. JOHNSON and GEORGE TENNEY,
Respondents.

[198 Pac. 158.]

APPEAL FROM JUDGMENT—REPORTER'S TRANSCRIPT—JUDGMENT-ROLL—
SCOPE OF REVIEW—INTERVENTION—HARMLESS ERROR.

1. Upon appeal from a judgment, where the reporter's tran-
script has been stricken from the files, the only record remain-
ing before this court is the judgment-roll.

2. Upon appeal from a judgment, where the record consists
of the judgment-roll only, and where, as in this case, the findings
are responsive to the material issues presented by the pleadings
and sustain the conclusions of law and the decree entered thereon,
the judgment will be affirmed.

3. The action of the trial court in permitting a party, who
has an interest in the controversy but is represented by a trustee,
to intervene, if error, was harmless, inasmuch as no substantial
right of appellants could have been affected thereby.

APPEAL from the District Court of the Third Judicial
District, for Owyhee County. Hon. Ed. L. Bryan, Judge.

Action by appellants against C. E. Pennington et al. to quiet title to certain mining claims in Owyhee county, and action by Murphy Lumber Company to foreclose a trust deed covering the same property, consolidated by stipulation. Judgment for respondents. *Affirmed.*

S. T. Schreiber and P. E. Cavaney, for Appellants, cite no authorities on points decided.

Ira E. Barber, W. H. Davidson, Hawley & Hawley and O. W. Worthwine, for Respondents.

The judgment in favor of Benson, intervenor in this cause, is identical with what it would have been in the cause of *Guthmann v. Bergh et al.,* had there been no consolidation, and what it might have been in the cause of *Bergh v. Pennington,* had there been no second action and no intervention, and the error, if any, having been harmless, appellants are not entitled to assign it or stand upon it. (C. S., sec. 6728, and cases cited.)

BUDGE, J.—Respondents heretofore made a motion in this court to strike the reporter's transcript from the record and to dismiss the appeal in this cause, and the opinion of this court thereon, which will be found *ante,* p. 198, 191 Pac. 204, contains a statement of the material facts of the case, and discloses the action of this court in striking the reporter's transcript and denying the motion to dismiss the appeal.

The reporter's transcript having been stricken, the only record now before us is the judgment-roll. As was said by this court in the case of *Storey & Fawcett v. Nampa & Meridian Irr. Dist.,* 32 Ida. 713, at 720, 187 Pac. 946, 947: "It must be regarded as settled law in this state under existing statutes that where upon appeal from a judgment the record brought to this court contains neither a transcript of the proceedings had upon the trial nor a bill of

exceptions, nothing belongs to the record except the judg-ment-roll and no question outside of the record can be, considered by the court.''

We have carefully examined the pleadings, from which it appears that a cause of action is stated. The findings are responsive to the material issues presented by the pleadings, and sustain the conclusions of law and the decree entered thereon.

Appellants contend that the court erred in refusing to set aside and vacate an order permitting H. J. Benson to intervene. There is no merit in this contention. Benson had an interest in the controversy, and was represented by the trustee. Without deciding whether he had a right to intervene, the action of the court in permitting him to do so, if error, was harmless, inasmuch as no substantial right of appellants could have been affected thereby. (4 C. J., p. 925.)

The judgment is affirmed. Costs are awarded to respondents.

Rice, C. J., and Dunn and Lee, JJ., concur.


'(May 21, 1921.)

ON PETITION FOR REHEARING.

ESTOPPEL TO DENY CORPORATE EXISTENCE.

4. Officers and directors of a foreign corporation, the right of which to do business in this state has been forfeited for failure to make its annual report and pay its license fee, who, after

On the question of validity of contract made by foreign corporation which had not complied with statutory conditions of the right to do business in a state, see notes in 2 Ann. Cas. 63; 4 Ann. Cas. 814; 6 Ann. Cas. 639; 7 Ann. Cas. 219; 13 Ann. Cas. 512; Ann. Cas. 1914A, 702; Ann. Cas. 1915C, 165; 24 L. R. A. 315; 1 L. R. A., N. S., 1041.

such forfeiture, acting in their official capacity, direct and execute a trust deed conveying property of the corporation, are estopped from denying the corporate existence of such corporation and from showing that its right to do business had been forfeited at the time of the execution of the trust deed.

RICE, C. J.—Appellants have filed a petition for rehearing in this case. They insist that the court erred in holding that the permission of Benson to intervene in the original action was harmless error. We are by no means convinced that the permission granted to Benson to intervene was erroneous. But in any event, we adhere to our former opinion that no prejudice resulted from the intervention.

It is further insisted that the trust deed executed by the Bergh Mining & Milling Company, a Washington corporation, to respondent Barber, which was foreclosed by the judgment in the action, was void, for the reason that at the time of the execution thereof the right of the corporation to do business in this state had been forfeited to the state for failure to make its annual report and pay its license fee as provided in C. S., sec. 4798.

Appellants, after having directed and executed the trust deed, acting in the capacity of officers of the defunct corporation, are estopped from denying the corporate existence of the Bergh Mining & Milling Company and from showing that its right to do business had been forfeited at the time the trust deed was executed. (14 C. J., pp. 237 and 247; Fletcher, Enc. Corporations, p. 679; *Chadwick v. Dicke Tool Co.*, 186 Ill. App. 376; *Brady v. Delaware Mut. Life Ins. Co.*, 2 Penne. (Del.) 237, 45 Atl. 345. See, also, *Henry Gold Min. Co. v. Henry*, 25 Ida. 333, 137 Pac. 523; *Toledo Computing Scale Co. v. Young*, 16 Ida. 187, 101 Pac. 257.)

It is also urged that the trust deed is invalid because it was never executed by appellant Jennie Bergh, wife of appellant G. A. Bergh. Under the findings, however, she had no interest in the property, and it was not necessary that she execute the trust deed.

The other grounds for rehearing urged in the petition are without merit.

The petition should be denied, and it is so ordered.

Dunn and Lee, JJ., concur.