(October 30, 1923.)

## C. G. KELLER, Appellant, v. J. W. McCARTY et al., Respondents.

[219 Pac. 1063.]

APPEAL FROM JUDGMENT—NO BILL OF EXCEPTIONS OR REPORTER'S TRAN-
SCRIPT.

    1. On appeal from a judgment where no bill of exceptions or
reporter's transcript is brought up, this court cannot review the
question whether the findings of the court are sustained by the evi-
dence, but must assume that there was evidence before the trial
court to warrant the findings made.

    2. In such case if the findings are sufficient to sustain the judg-
ment it will be affirmed.

APPEAL from the District Court of the Sixth Judicial
District, for Bingham County. Hon. Ralph W. Adair,
Judge.

Action on promissory note. Judgment for defendant
McCarty. *Affirmed.*

Oles & Wedekind and W. P. Hanson, for Appellant, cite
no authorities on points decided.

John W. Jones and Guy Stevens, for Respondent.

No bill of exceptions having been prepared, served, set-
tled or filed in this action, and there being no reporter's
transcript to be used in lieu of bill of exceptions, the appeal
must be considered as being upon the judgment-roll, and the
assignments of error with reference to the findings and con-
clusions are not subject to consideration upon this appeal,
and there being no errors specified as appearing from the
judgment-roll, no matters are presented for consideration
and decision by this court. (C. S., sec. 7163; *Williams v.
Boise Basin Mfg. Co.*, 11 Ida. 233, 81 Pac. 646.)

DUNN, J.—This is an action on a promissory note given
by defendant McCarty to the Northwestern Investment Co.

The plaintiff alleges that he is the owner and holder thereof. Before maturity the note was indorsed to Pocatello Security Trust Company and guaranteed by L. H. Lathrop. All these persons and corporations were made defendants and all defaulted except McCarty. He answered, admitting the execution and delivery of the note, but set up the defense that there was no consideration therefor except a certain contract by which the Northwestern Investment Co. agreed to sell and McCarty agreed to buy certain lots in University Heights Addition to Pocatello, Idaho, and by which said investment company contracted and agreed that upon the payment of said note it would give McCarty a warranty deed to said property, free and clear of all encumbrances; that said investment company had not delivered said deed nor any deed to said lots nor any part thereof. The answer alleged the failure of said investment company to comply with its contract to improve said addition in grading streets, building sidewalks, constructing a water system, etc., and further that the investment company had wholly abandoned said addition. The answer further denied that the plaintiff was the owner or holder of said note except for collection.

The case was tried before the court without a jury, and the court made findings sustaining the defense set up by McCarty. The court also found that plaintiff did not take said note by indorsement or otherwise from a holder in due course.

Plaintiff appeals from the judgment entered in favor of defendant, and assigns errors all of which attempt to review the findings made by the court, but he brings no evidence to this court either by bill of exceptions or reporter's transcript. We have, therefore, nothing before us but the judgment-roll. In this situation we must assume that there was evidence before the trial court to warrant the findings made. (*Jones v. Quayle*, 3 Ida. 640, 32 Pac. 1134; *Zion's etc. Inst. v. Armstrong*, 6 Ida. 464, 56 Pac. 168; *Hazard v. Cole*, 1 Ida. 276; *Montandon v. Walker*, 2 Ida. 165, 9 Pac. 608; *Shurtliff v. Extension Ditch Co.*, 14 Ida. 416, 94 Pac.

574; *McCormick v. Brown,* 22 Ida. 52, 125 Pac. 197; *Bergh v. Pennington,* 33 Ida. 726, 198 Pac. 158.)

An examination of the findings shows that they sustain the judgment, which must be affirmed. It is so ordered, with costs to respondent.

Budge, C. J., and McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.