(April 4, 1924.)

A. W. ANDERSON, Appellant, v. THE WALKER COM-
PANY, Respondent.

[225 Pac. 144.]

APPEAL AND ERROR — REPORTER'S TRANSCRIPT ON APPEAL STRICKEN WHEN NOT SETTLED BY COURT—FINDINGS—WHEN NOT REVIEWABLE —AMENDMENTS.

1. Under C. S., sec. 6886, subdivision 3, a transcript of the evidence not duly certified and settled by the trial judge cannot be considered on appeal from the judgment.

2. A stipulation between respective counsel waiving the service of notice of reporter's transcript in order that the same may be filed with the clerk of the supreme court in the time required by its rules, and providing that if errors are thereafter discovered before argument of the cause a bill of exceptions may be served upon either of such parties, does not waive a compliance with the provision of the statute, which requires the judge who tried the case to settle such transcript; it is within his power to make alterations and corrections necessary to correspond with the truth, and the statute has left it to the judge alone to settle the transcript.

3. On an appeal from the judgment or from an order denying a new trial where no bill of exceptions has been allowed as provided by C. S., sec. 6882, nor any reporter's transcript settled and allowed as provided by C. S., sec. 6886, and brought to this

court, it cannot review the question whether the findings of the lower court are sustained by the evidence but must assume there was evidence to warrant the findings made.

4. In an action to rescind a contract for the exchange of property where plaintiff asked leave after the commencement of the trial to file a third amended complaint so as to more specifically allege his offer to return the property he had received in exchange for the property he was seeking to recover, it was not error to refuse such an amendment where the court admitted evidence on this issue and found that an offer to return had not been tendered.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action' to rescind a contract. Judgment for defendant. *Affirmed.*

S. T. Lowe and E. R. Dampier, for Appellant.

The court erred in refusing to permit the plaintiff to file his third amended complaint. (C. S., secs. 6722, 6723, 6726.)

An application to amend a pleading to conform to the evidence made before the findings and decree are signed by the judge is not too late. (*Snowy Peak Mining Co. v. Tamarack & Chesapeak Mining Co.,* 17 Ida. 630, 107 Pac. 60.)

There was evidence to support the proffered amendment, and the same should have been allowed. (*Hatch v. Potlatch Lumber Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707; *Kamm v. Bank of California,* 74 Cal. 191, 15 Pac. 765; *Guiding v. Green,* 95 Cal. 630, 30 Pac. 786; *Drew v. Hicks,* 4 Cal. Unrep. 440, 35 Pac. 563.)

Morris & Griswold and Henderson & Johnson, for Respondent.

The record contains what purports to be a reporter's transcript of the evidence and proceedings at the trial, which is not settled by the trial court. It cannot be considered on appeal. (*Wells v. Culp,* 30 Ida. 438, 166 Pac. 218; *Minneapolis Threshing Machine Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99; *Ellsworth v. Hill,* 34 Ida. 359, 200 Pac.

1067; *McCarty v. Warnkin*, 35 Ida. 614, 207 Pac. 1075; *Sweaney & Smith Co. v. St. Paul Fire & Marine Ins. Co.*, 35 Ida. 303, 206 Pac. 178.)

WILLIAM A. LEE, J.—This is a suit in equity to cancel a deed to certain premises in Burley, Idaho, used as an apartment house, a note for $8,000 and an assignment of a contract of purchase of a section of school land in Utah, all of these instruments having been executed by appellant to respondent as a consideration for the purchase price of an undivided half interest in and to a gravel pit situate near Ogden, Utah. The grounds alleged for the cancelation of these instruments are misrepresentation and fraud on the part of respondent inducing the execution of these instruments on the part of appellant. The action appears to have been tried upon a second amended complaint and the answer of respondent thereto, it having first demurred generally and specially to this complaint. The special grounds were that it was uncertain, and that it was ambiguous because it failed to allege that appellant had received anything of value for the execution of these instruments sought to be canceled, and if he had so received value for their execution, he had failed to tender a return of such consideration or to give any reason for not returning the same before he demanded a rescission of the instruments executed on his part as a consideration for such conveyance to him.

After the taking of the testimony had begun appellant asked leave to file a third amended complaint, the purpose of which was to avoid some of the objections raised to the second amended complaint by the demurrer. To this application to amend respondent objected, and the court denied permission to file the third amended complaint. A jury was impaneled in the trial of said cause and to it was submitted special interrogatories upon which it returned findings. The court then made findings of fact and conclusions of law therein which were in favor of respondent company. Upon these findings and conclusions a judgment was entered that appellant take nothing by reason of his

second amended complaint and that respondent recover costs. A motion for a new trial was made and overruled and the appeal is from the judgment and the order overruling the motion for a new trial, the motion to set aside the special findings of the jury, the motion in arrest of judgment, and the motion for judgment *non obstante veredicto.*

Appellant makes numerous assignments of error, that the court erred: (1) in refusing to permit the third amended complaint to be filed; (2) in denying the motion for directed verdict; (3) in submitting the special interrogatories to the jury; (4) in instructing the jury; (5) in adopting certain findings made by the jury; (6) in finding that appellant was not defrauded or did not tender back the property received from respondent; (7) in finding that the contract between the parties providing for this transfer of property was a valid and subsisting contract; (8) in overruling the motion to set aside the special findings and in entering judgment against appellant.

Before the cause was argued in this court respondent moved to strike from the transcript on appeal pages 98 to 153, inclusive, which comprise the reporter's transcript, on the ground that the same had not been settled in accordance with C. S., sec. 6886. An inspection of the record shows that this transcript has never been settled by the trial judge as this statute requires. It is contended that this part of the record should not be stricken because of a stipulation entered into, wherein the respective counsel waived the service of notice to settle the reporter's transcript upon appeal, in order that the plaintiff and respondent might file the same with the clerk of the supreme court within the period required by the rules of this court, and that if errors were thereafter discovered on appeal before argument of the cause a bill of exceptions might be served on either of the respective parties and such errors corrected if they appeared in said record. This stipulation is not sufficient to waive a compliance with subdivision 3 of C. S., sec. 6886, which requires the judge who tried the case to

forthwith settle the same after the parties have agreed or refused to agree upon its being correct. The statute contemplates that the court or referee who heard the evidence had an interest in having the record correctly state what was done and the parties cannot by stipulation deprive the court or referee, who heard the cause, from the right to settle such transcript. As stated in *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853: "We cannot agree to this contention, for the reason that not only counsel of the respective parties may designate errors, but the settlement of a transcript is left entirely with the judge, and it is within his power also to make alterations and corrections of the transcript to correspond to the truth, and the statute has left it to the judge alone to settle the transcript." (*McCarty v. Warnkin,* 35 Ida. 614, 207 Pac. 1075; *Ellsworth v. Hill,* 34 Ida. 359, 200 Pac. 1067; *Minneapolis Threshing Machine Co. v. Peterson,* 31 Ida. 745, 176 Pac. 99; *Wells v. Culp,* 30 Ida. 438, 166 Pac. 218; *Furey v. Taylor,* 22 Ida. 605, 127 Pac. 676.) The cause, therefore, is before this court upon the judgment-roll only.

Upon examination of the judgment-roll it appears that the jury found that the representations made by appellant were false but were not knowingly and fraudulently made by respondent. In answer to interrogatory three the jury found that appellant was not defrauded by relying upon respondent's representations. This being an equity cause the jury were acting only in an advisory capacity and the court was not bound by its findings of fact. The court further found that respondent did not knowingly or fraudulently represent to appellant, for the purpose of inducing him to enter into the contract, which he seeks in this action to rescind, and did not knowingly or fraudulently represent the other matters set out in the second amended complaint, and that appellant was not defrauded by reason of having relied upon such representations, and that respondent did not obtain possession of appellant's property by knowingly and fraudulently making false representations to appellant; that while appellant requested and demanded of respond-

ent a return of all the contracts which he had executed, that is, the deed of conveyance to the apartment house, the promissory note and the assignment of the contract for the purchase of the section of land in Utah, he did not offer or tender back any of the property or money that he received in exchange for his said property.

The court further found that the contract entered into between said parties in consummating this trade was a valid and subsisting contract and binding upon both parties and that there could be no rescission of the same. As a conclusion of law from these findings the court held that the contract or transfer between the two parties was valid and binding upon both parties and could not be rescinded and that appellant should take nothing by reason of this action to rescind. These findings and conclusions support the judgment.

On an appeal from a judgment or from an order denying a motion for a new trial, where no bill of exceptions has been settled and allowed as provided by C. S., sec. 6882, nor any reporter's transcript settled and allowed as provided by C. S., sec. 6886, and brought to this court, it cannot review the question whether the findings of the court are sustained by the evidence but must assume that there was evidence before the trial court to warrant the findings made. (*Keller v. McCarty, ante,* p. 18, 219 Pac. 1063; *Bergh v. Pennington,* 33 Ida. 726, 198 Pac. 158; *McCormick v. Brown,* 22 Ida. 52, 125 Pac. 197; *Zion's Co-op. Merc. Co. v. Armstrong,* 6 Ida. 464, 56 Pac. 168; *Jones v. Quayle,* 3 Ida. 640, 32 Pac. 1134; *Hazard v. Cole,* 1 Ida. 276.)

The refusal of the court to permit the filing of the third amended complaint, after the trial had begun, wherein appellant sought to meet the objections made to the second amended complaint, was not error in this case. Courts should exercise a liberal discretion in permitting pleadings to be amended, even to the extent of permitting amendments after the evidence has been submitted, where amendment is necessary to make the averments of the pleadings conform to the evidence, and where such evidence is relevant

to the general issues being tried and the adverse party has not been misled to his prejudice by reason of the insufficiency of the pleading, as it was prior to the amendment. In the instant case the particular objections and defects in the second amended complaint were pointed out by respondent's demurrer thereto. Notwithstanding this, appellant asked that the same be overruled and proceeded to the trial of said cause upon this second amended complaint and only asked to further amend after a considerable part of the evidence had been taken. Moreover, the court finds that the appellant did not offer to return the property which he had received in consideration for the property that he was seeking to recover by rescission of the contract. Being precluded from considering any testimony we must accept the findings of the court as conclusive. It appears from the findings that the court did hear evidence upon the new matter sought to be set up in the third amended complaint and found that appellant did not tender a return of the property he had received in exchange for his property, or show sufficient excuse for not having offered to return the same. Hence the failure to permit a third amended complaint after the commencement of the taking of testimony was not reversible error.

The judgment of the court below is affirmed, with costs to respondent.

McCarthy, C. J., and Wm. E. Lee, J., concur.