(No. 4962.   February 14, 1928.)

TWIN FALLS REALTY COMPANY, a Corporation, Respondent, v. M. A. BRUNE, Defendant; ALBERT WOLTERS, Garnishee and Appellant.

[264 Pac. 382.]

APPEAL AND ERROR—FAILURE TO FILE TRANSCRIPT—MOTION TO DISMISS—GARNISHMENT—ANSWER—EXCEPTION—JUDGMENT.

1. Where no transcript of evidence in cause was filed within time required because reporter's notes of evidence taken at trial had been lost, so that appellants were unable to procure a transcript of same, motion to dismiss appeal should be denied, leaving matter before supreme court on judgment-roll.

2. Where there was neither transcript of proceedings had on trial nor bill of exceptions in case, papers and files in case, including writ of attachment and affidavit, certified to supreme court in accordance with praecipe filed by appellant therefor, not being part of judgment-roll, could not be considered in determination of questions raised under C. S., sec. 6901.

3. Jurisdiction of trial court to render judgment against garnishee could be properly raised at any time during progress of cause, even in supreme court.

4. Where judgment against garnishee recited that garnishee answered garnishment denying that he owed anything to defendant, and there was nothing in judgment to effect that plaintiff excepted to or denied answer of garnishee, and neither answer of garnishee nor any exception or denial thereof appeared in record, there was no issue before trial court upon which it could render judgment against garnishee, under C. S., secs. 6790–6793, relating to garnishment.

5. District court had power to require garnishee to appear before it for examination in respect to any indebtedness owing from him to defendant, but it had no authority to render judgment against him without an opportunity given him to contest question of his liability to defendant at hearing upon an issue legally raised as provided by C. S., secs. 6790–6793.

Publisher's Note.

See Appeal and Error, 3 C. J., sec. 649, p. 752, n. 86; 4 C. J., sec. 1786, p. 183, n. 35; sec. 2114, p. 417, n. 5.

Garnishment, 28 C. J., sec. 451, p. 300, n. 6; sec. 485, p. 321, n. 92.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. T. Bailey Lee, Judge.

Action on a promissory note. Appeal from judgment against garnishee. *Reversed.*

E. D. Reynolds and H. L. Reynolds, for Appellant.

C. A. Bailey, for Respondent.

Counsel cite no authorities on points decided.

BABCOCK, Commissioner.—This appeal is taken by Albert Wolters from a judgment rendered in favor of the respondent and against said Wolters, as garnishee, on April 15, 1926.

Judgment was rendered in the main case in favor of the plaintiff and respondent, and against M. A. Brune, defendant, on September 5, 1925, for $665 and costs.

[1] A motion to dismiss the appeal was made by the respondent on the ground that no transcript of the evidence in the cause had been filed within the time required by the court. This motion was heard in this court on December 21, 1926, and, by the judgment of the court, denied January 15, 1927.

Upon a hearing of the case on its merits this motion was renewed on the ground that no transcript of the evidence had yet been filed. From the statements of the attorneys for the appellant it appears that the reporter's notes of the evidence taken at the trial have been lost, and that they were unable for that reason to procure a transcript of the same.

We are of the opinion that the motion to dismiss the appeal should be denied, which would leave the matter before the court on the judgment-roll.

[2] In addition to the papers constituting the judgment-roll the clerk of the trial court has certified to this court,

in accordance with the praecipe filed by the appellant therefor, all papers and files in the case, including the writ of attachment, and the affidavit of one H. S. Beals; but there being neither a transcript of the proceedings had upon the trial, nor a bill of exceptions in the case, and these papers not being a part of the judgment-roll, they cannot be considered in the determination of the questions raised by the appellant. (C. S., sec. 6901; *Bergh v. Pennington,* 33 Ida. 726, 198 Pac. 158; *Storey & Fawcett v. Nampa & Meridian Irr. Dist.,* 32 Ida. 713, 720, 187 Pac. 946; *Ballerino v. Superior Court of Los Angeles County,* 2 Cal. App. 759, 84 Pac. 225.)

[3] There is but one question raised for the consideration of the court, and that is the jurisdiction of the trial court to render the judgment against the garnishee. This is a question that may be properly raised at any time during the progress of the cause, even in this court.

From an examination of the record constituting the judgment-roll it appears that the judgment against the defendant in the main action was by default. The record, as certified by the clerk, contains the summons, proof of service, complaint, and default of the defendant, judgment against the defendant, and, also, judgment against the appellant garnishee. There is no answer of the garnishee to the garnishment, and no exceptions to or denial of any such answer in the record as certified by the clerk.

[4, 5] The judgment against the appellant recites that the matter came on for hearing on March 31, 1926, upon the order of the court, made on March 21, 1926, requiring Albert Wolters to appear and answer concerning his transactions with the defendant M. A. Brune, the plaintiff appearing by its secretary, H. S. Beals, and its attorney, C. A. Bailey; and the said Albert Wolters appearing in person, who was duly sworn and examined; and it appearing to the court from the evidence submitted, both oral and documentary, that the said Albert Wolters was duly served with writ of attachment and garnishment in this action on May 9, 1925, requiring him to set forth and answer as to

his owing the defendant any moneys at the date of such service; and that on October 20, 1925, the said Albert Wolters answered said garnishment to the effect that at the date of the service of said writ of attachment he did not owe the defendant, M. A. Brune, any sum or amount whatsoever; that at the date of the service of said writ of attachment and garnishment the said Albert Wolters was, in fact, indebted to the defendant, M. A. Brune, in an amount exceeding $400; and judgment was ordered entered in favor of the respondent and against the garnishee, Albert Wolters, for $400.

C. S., sec. 6790, provides that:

"Upon a copy of the interrogatories being served upon him, the garnishee shall make full and true answer to the same under oath and filed in the cause within five days thereafter. . . . . "

C. S., sec. 6791, provides that:

"The plaintiff may except to the answer of the garnishee for insufficiency, and if adjudged insufficient, the court may allow him to amend it in such time and on such terms as shall be just."

C. S., sec. 6792, provides that:

"The plaintiff may deny the answer of the garnishee in whole or in part without oath, and allege specially the grounds upon which a recovery is sought against the garnishee, to which the garnishee may reply either generally or specially, and the issue presented by such denial and reply, shall be tried as ordinary issues between plaintiff and defendant. . . . . "

C. S., sec. 6793, provides:

"If the answer of the garnishee be not excepted to, or denied within three days after its filing, unless the court, or judge in vacation, for good cause shown, gives longer time, it shall be taken to be true and sufficient. . . . . If all liability is denied, and the denial is uncontroverted, the garnishee shall be discharged at the cost of the plaintiff. . . . . "

It will be noted that the judgment recites that the garnishee answered the garnishment, denying that he owed any-

thing to the defendant.   There is nothing in the judgment to the effect that the respondent excepted to or denied the answer of the garnishee.   Neither the answer of the garnishee nor any exception or denial thereof appears in the record.

There was, consequently, no issue before the court upon which it could render a judgment against the garnishee.

The court undoubtedly had the power to require the garnishee, Wolters, to appear before it for examination in respect to any indebtedness owing from him to the defendant Brune; but it had no authority to render a judgment against him without an opportunity given him to contest the question of his liability to Brune at a hearing upon an issue legally raised, as provided by the statutes.   (*Lindenthal v. Burke*, 2 Ida. (Hasb.) 571, 21 Pac. 419; *Beasley v. Haney*, 96 Ark, 568, 132 S. W. 646.)

It follows, therefore, that the judgment in favor of the respondent and against Wolters, garnishee, should be reversed and garnishee be discharged.

Costs to appellant.

Adair, C., concurs.

The foregoing is approved as the opinion of the court. The judgment in favor of respondent and against the garnishee is reversed and the cause remanded to the trial court with instructions to discharge the garnishee.   Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and Taylor JJ., concur.

T. Bailey Lee, J., disqualified.