(July 2, 1918.)

WALTER H. HANSON, Respondent, v. R. E. WENIGER, Probate Judge, Appellant.

[173 Pac. 1085.]

APPEAL AND ERROR—MANDAMUS—ADEQUATE REMEDY.

1.   Where the statutes provide for an appeal from an inferior court to the district court, such appeal may be taken as a matter of right, and the inferior court has no discretion as to granting or refusing the same.

2.   *Mandamus* will not lie to compel a justice of the peace or clerk of the probate court to transmit to the clerk of the district court the record on appeal, since Rev. Codes, sec. 4841, provides a plain, speedy and adequate remedy.

3.   *Mandamus* will lie to compel a justice of the peace or probate judge to issue an order staying proceedings upon an execution already issued from such court by the filing of a statutory undertaking staying proceedings upon an appeal to the district court.

[As to *mandamus* for correction of error in justice's court, see note in **Ann. Cas.** 1913E, 74.]

APPEAL from the District Court of the First Judicial District, for Shoshone County.   Hon. Wm. W. Woods, Judge.

Action for writ of *mandamus.*   Judgment for plaintiff. *Modified.*

S. S. Gundlach, for Appellant.

Garnishee, not a party to the action, without issues, from a default judgment is without right of appeal.   Only a party

may appeal. (Rev. Codes, secs. 4310e, 4310i, 4310m, 4838, 4308–4310n; *Stroup v. Sullivan,* 2 Ga. 275, 46 Am. Dec. 389; *Eagleson v. Rubin,* 16 Ida. 92, 100 Pac. 765; *In re Switzer,* 119 Am. St. 751 (note), 2 R. C. L. 55; *Hanna's Syndics v. Lauring,* 10 Mart. (O. S.) La. 568, 13 Am. Dec. 339.)

The judgment in probate court against garnishee was rendered Jan. 25, 1917. It became final Feb. 25, 1917. The issues cannot be tried again. These, however, are the same issues that garnishee must try if his appeal is allowed. He has no issues. He is not permitted a trial *de novo* on new issues, on an answer filed in district court, and has no right to frame an issue in district court. (*Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 686, 95 Pac. 825.) He is and was estopped by the judgment which was final on and after Feb. 25, 1917. (*Last Chance Min. Co. v. Tyler Min. Co.,* 157 U. S. 683, 15 Sup. Ct. 733, 39 L. ed. 859, at 863; *Cromwell v. Sac County,* 94 U. S. 351, 24 L. ed. 195; *Aspden v. Nixon,* 4 How. (U. S.) 467, 11 L. ed. 1059.

*Mandamus* does not lie. (*Ex parte Flippin,* 94 U. S. 348, 24 L. ed. 194; *State v. Gardner,* 32 Wash. 550, 98 Am. St. 858, 865, 73 Pac. 690.)

H. E. Worstell and H. L. Heward, for Respondent.

Any party dissatisfied with a judgment in a civil action in a probate or justice court may appeal therefrom to the district court, and it matters not whether such judgment was upon the merits or upon questions of law or for want of an answer. If it was a final judgment terminating the controversy in said court an appeal may be taken therefrom. · (Rev. Codes, sec. 4838; *Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Thompson v. State* (Okl.), 154 Pac. 508.)

The judgment in the probate court against respondent as garnishee defendant was a final judgment terminating the controversy in said court, from which judgment the respondent garnishee had a right to appeal to the district court as in any civil action in said probate court. (Rev. Codes, secs. 4310–G, 4310–H, 4310–I, 4310–M; *Eagleson v. Rubin,* 16 Ida. 92, 100 Pac. 765; *Shumake v. Shumake,* 17 Ida. 649, 107 Pac.

42; *Santa Fe Pac. Ry. Co. v. Bossut,* 10 N. M. 322, 62 Pac. 977; *Stevenson v. Standard Adding Machine Co.,* 150 Mo. App. 555, 131 S. W. 162; *Haughton v. Allen,* 1 N. C. 364; *Deering & Co. v. Richardson-Kimball Co.,* 109 Cal. 73, 41 Pac. 801; *Giesy Walker Co. v. Briggs* (Utah), 162 Pac. 876; *Davis Co. v. Choctaw etc. R. Co.,* 73 Ark. 120, 3 Ann. Cas. 658, 83 S. W. 318.)

*Mandamus* will lie to compel the performance of a duty enjoined upon the court by law. (*Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323; *State v. Quarles,* 13 Ida. 252, 253, 89 Pac. 636; *Oliver v. Kootenai County,* 13 Ida. 281, 90 Pac. 107; *Hays v. Stewart,* 7 Ida. 193, 61 Pac. 591.)

RICE, J.—In this case judgment was rendered by appellant as probate judge of Shoshone county, on the twenty-fifth day of January, 1917, against respondent as garnishee, in a certain action then pending in the probate court. On the following day the garnishee filed a notice of appeal to the district court of the first judicial district for Shoshone county; also an undertaking on appeal and an undertaking to stay proceedings pending said appeal. An execution was issued against the respondent and levied upon his bank account. Upon filing the stay bond respondent requested appellant, as probate judge, to sign and permit to be served upon the sheriff of Shoshone county a notice of stay of proceedings. The appellant declined to sign the notice, and refused to transmit or certify to the district court the record on appeal. The contention of appellant was that the respondent was not entitled to take an appeal to the district court, and that an attempt to do so was void. Respondent thereupon applied for and obtained from the district court an alternative writ of mandate to compel the appellant to transmit the record on appeal to the proper district court, and to issue an order directing the sheriff to stay proceedings under the execution. Upon a hearing the alternative writ was made peremptory, and the probate judge appealed to this court.

The appeal from an inferior court to the district court, when granted by the statute, is a matter of right. Justices

of the peace and probate courts are not vested with any discretion as to granting or refusing appeals. The respondent had a right to take an appeal. The judgment was against him, and the fact that he was not named as a party to the main proceeding, to which the garnishment proceedings were ancillary, is immaterial. (Rev. Codes, sec. 4310 (m); *Washington County Abstract Co. v. Stewart,* 9 Ida. 376, 74 Pac. 955; *Mills v. Smiley,* 9 Ida. 317, 76 Pac. 783; *Burns v. Payne,* 31 Or. 100, 49 Pac. 884; *Santa Fe Pac. R. Co. v. Bossut,* 10 N. M. 322, 62 Pac. 977. See, also, *Cook v. Miller,* 30 Ida. 749, 168 Pac. 911.)

Rev. Codes, sec. 4841, provides that upon receipt of notice of appeal and the payment of the fees to the court or justice, and filing an undertaking, the clerk of the probate court or justice of the peace must, within five days, transmit to the clerk of the district court a proper record on appeal, and the justice or judge may be compelled by the district court, by an order entered upon motion, to transmit such papers and may be fined for neglect or refusal to transmit the same.

This section of the code provides a summary remedy. It is plain and speedy. Since no limit is prescribed as to the amount of fine which the district court may impose upon the justice or judge for neglect or refusal to obey the order, the remedy appears to be adequate. *Mandamus,* therefore, will not lie. (Rev. Codes, sec. 4978.)

It appears that the judge of the first judicial district was absent from the state at the time the appeal from the probate court was taken, but his absence from the state would not affect the remedy provided by statute or cause it to be any the less plain or speedy.

Rev. Codes, sec. 4843, provides, in part, that if an execution be issued, on the filing of the undertaking staying proceedings, the justice or judge must, by order, direct the officer to stay all proceedings on the same. In this case it was the duty of appellant to have made such an order. *Mandamus* is an appropriate remedy to compel the performance of this duty.

The questions as to whether the garnishee presented any issue by his answer, and as to what is the appropriate pro-

cedure to take in view of his answers to the interrogatories propounded to him, will be before the district court on appeal. These questions are not presented to this court on the record before us.

The cause is remanded to the district court, with directions to modify the judgment so that the writ will command the appellant, upon service thereof, to recall the execution issued out of the probate court against respondent and placed in the hands of the sheriff of Shoshone county and to stay all proceedings thereunder, and so. as to deny any further relief prayed for by respondent in his petition for the writ. No costs will be awarded on this appeal.

Budge, C. J., and Morgan, J., concur.