[Civ. No. 3284. First Appellate District, Division Two.—February 2, 1920.]

## W. J. SOMERS COMPANY (a Corporation), Respondent, v. J. L. SMITH, as Trustee, etc., Appellant.

[1] APPEAL—REFUSAL TO SETTLE RECORD—DENIAL OF MOTION TO SET ASIDE PREVIOUS ORDER—MOTION TO DISMISS APPEAL—MERITS NOT REVIEWABLE.—On a motion to dismiss an appeal from an order denying the appellant's motion for an order to set aside a prior order by which settlement of the appellant's proposed transcript of the record on appeal from the judgment was denied, the appellate court will not consider the merits of the appeal.

[2] ID.—REFUSAL TO SETTLE PROPER RECORD—MANDAMUS.—If the condition of the record sought to be made up under the alternative method is such that it should be certified by the trial judge and the trial court refuses to settle and approve the same, the appellant's only remedy is by *mandamus* to compel the settlement. The statute gives him no right of appeal from the order refusing to approve such record.

[3] ID.—REFUSAL TO SETTLE INCOMPLETE RECORD—DISCRETION OF TRIAL COURT—HOW REVIEWABLE.—If the record sought to be made up under the alternative method is incomplete and the appellant has not strictly and fully complied with the requirements of the statute in preparing and presenting the same, *mandamus* would

2. Private person's right to *mandamus* to enforce performance of duty by court or magistrate, notes, 9 **Ann. Cas.** 1074; **Ann. Cas.** 1912A, 1118.

not be an adequate remedy to compel its settlement and approval, because the discretion of · the trial court may not be coerced. If the trial court errs in the exercise of its discretion on the application for settlement, its order denying settlement may be reviewed on appeal.

[4] Id.—Denial of Relief Under Section 473, Code of Civil Procedure—Order Reviewable by Appeal.—An order denying a motion made under section 473 of the Code of Civil Procedure to secure relief from an order refusing to settle and approve the record on appeal sought to be made up under the alternative method is a special order made after judgment and from which an appeal may be prosecuted.

[5] Id.—Pendency of Proceedings to Establish Record—Denial of Motion to Dismiss Appeal.—A motion to dismiss an appeal from a judgment on the ground that the transcript was not filed in time must be denied when proceedings to establish the record on appeal are still pending.

MOTIONS to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge, and an appeal from an order denying a motion to set aside an order refusing to settle the record on appeal. Denied.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

McNair & Stoker for Respondent.

THE COURT.—The respondent moved to dismiss the appeal from a judgment entered against the appellant and also to dismiss a second appeal from an order denying the appellant's motion for an order to set aside a prior order by which settlement of the appellant's proposed transcript of the record on the appeal from the judgment was denied.

[1] Logically the second motion should be first determined. Voluminous affidavits have been filed in connection with the motion to dismiss the second appeal, upon which the respondent, in effect, seeks to have determined on this motion the merits of the appeal from the order rather than the right of the appellant to prosecute the appeal. On such a motion the court will not consider the controverted questions of fact. (*Harper* v. *Hildreth,* 99.

Cal. 265, [33 Pac. 1103] ; *Woodbury* v. *Nevada etc. Ry. Co.,* 120 Cal. 367, [52 Pac. 650] ; *Coonan* v. *Loewenthal,* 122 Cal. 72, [54 Pac. 388].)

[2] The appellant sought to have the record on appeal made up under the alternative method, and there was delay on the part of the court reporter in the preparation of the record. The record was finally presented to the court for settlement, which was resisted by the respondent, and the trial court refused to settle and approve the record. The appellant contended that he had done everything required of him under the statute and the rules of court, and that the delay in filing the record was the fault of the official reporter. If the condition of the record was such that it should have been certified by the trial judge, the statute gave the appellant no right of appeal from the order refusing to approve the record. The appellant's only remedy in that event would have been by *mandamus* to compel the settlement. (*Brode* v. *Goslin,* 158 Cal. 699, [112 Pac. 280] ; *Murphy* v. *Stelling,* 138 Cal. 641, [72 Pac. 176].)

[3] It appears from the respondent's showing on the motion that when the record was presented for settlement, the respondent contended that the record was not complete and that the appellant himself had not strictly and fully complied with the requirements of the statute, in preparing and presenting the record. In such a case *mandamus* would have been a wholly inadequate remedy, because the discretion of the court may not be coerced. (*Stonesifer* v. *Armstrong,* 86 Cal. 594, [25 Pac. 50].) If the court erred in the exercise of its discretion on the application for settlement, its order denying settlement might have been reviewed on appeal. (*Stonesifer* v. *Kilburn,* 94 Cal. 33, [29 Pac. 332] ; *Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935].)

[4] After the refusal of the trial court to approve the record, the appellant moved for relief from that order under section 473 of the Code of Civil Procedure upon affidavits setting forth facts which, if uncontroverted, would have, or at least might have, supported an order setting aside the order refusing to certify the record. The respondent made a counter-showing, and the trial judge, upon controverted facts, made the order refusing to set aside the former order. Section 473 of the Code of Civil

Procedure in terms provides for the relief sought by the appellant. While it is true the matter was presented to the discretion of the trial judge, and if the court were dealing with the merits of the appeal, every presumption would be in favor of the action of the trial judge, that presumption has no bearing on the motion to dismiss an appeal which has for its purpose the review of the propriety of the exercise of discretion by the trial judge. On the motion to settle the record the appellant claimed he was not negligent, and there was no order then in existence from which he could be relieved under section 473 of the Code of Civil Procedure. (*Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935].) Under the circumstances the order refusing relief was a special order made after judgment from which an appeal may be prosecuted. (Code Civ. Proc., sec. 963, subd. 2; *Mitchell* v. *California etc. S. S. Co.*, 156 Cal. 576, [105 Pac. 590].) The motion to dismiss the appeal from the order refusing to vacate the former order is denied.

[5] The motion to dismiss the appeal from the judgment rests solely on the ground that the transcript was not filed in time. In support of the motion it is urged that the order refusing to settle the record has made it impossible to file the transcript. The denial of the motion to dismiss the second appeal leaves the appeal from the judgment with proceedings to establish the record pending. Under these circumstances the motion to dismiss the appeal from the judgment must be denied.