(July 1, 1920.)

G. A. BERGH and JENNIE BERGH, Appellants, v. C. E. PENNINGTON et al., Respondents.

[191 Pac. 204.]

APPEAL AND ERROR—DISMISSAL OF APPEAL—RECORD ON APPEAL.

1. Failure to serve notice of appeal upon a party whose interest will not be adversely affected by a modification of the judgment is not ground for dismissal of the appeal.

2. Where appellants do not show that the failure of the reporter to lodge his transcript with the clerk of the court below within the time granted by the trial judge is without fault on their part, the trial judge should refuse to settle the same, and even though settled by the trial judge, the transcript will, upon motion, be stricken from the record on appeal.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Ed. L. Bryan, Presiding Judge.

Motion to strike reporter's transcript from the record, and to dismiss appeal. Motion to strike granted. *Motion to dismiss denied.*

S. T. Schreiber and P. E. Cavaney, for Appellants.

Ira E. Barber, Howard Davidson, Hawley & Hawley, and O. W. Worthwine, for Respondents.

Counsel file no briefs.

RICE, J.—In this action the respondents moved to dismiss the appeal and to strike the reporter's transcript from the files.

An action was instituted by G. A. Bergh to quiet title to certain mining claims, situated in Owyhee county, against respondents Pennington, Barber and Burke. After that action was commenced the Murphy Lumber Company instituted an action to foreclose a trust deed, in the nature of a mortgage, given by the Bergh Mining and Milling Company to respondent Barber, as trustee. At the time the actions were instituted the charter of the Bergh Mining and Milling Company had been forfeited under the statute, and G. A. Bergh, Jennie Bergh, Charlotte Bergh, Frank A. Bayley and W. W. Phillips were made parties defendant as trustees of the Bergh Mining and Milling Company.

Complaints in intervention and cross-complaints were filed by the other beneficiaries under the trust deed joining in the application for the foreclosure of the trust deed and praying for a distribution of the proceeds to be derived from the sale of the property therein described. G. A. Bergh, Jennie Bergh and Charlotte Bergh, as such trustees, failed to answer the complaint of the Murphy Lumber Company, and the various cross-complaints and complaints in intervention within the time prescribed by law and the order of the court, and their default for failure to answer was entered. Thereafter, upon stipulation in open court, an order was entered consolidating the two causes for all purposes as one cause, including appeal.

The decree entered in the consolidated action recited that all parties appeared by their respective counsel, save and except the defendants G. A. Bergh, Jennie Bergh, Char-

lotte Bergh, Frank A. Bayley and W. W. Phillips, as trustees of Bergh Mining and Milling Company, a corporation, and that the defaults of such defendants as such trustees had been duly entered before trial.

The decree of the court was to the effect that G. A. Bergh and Jennie Bergh, plaintiffs in the original action, take nothing by their action, and that they have no interest in the property which is the subject of the suit; that the Bergh Mining and Milling Company is the owner and holder of the title to said property, subject only to the trust in favor of the creditors secured by the trust deed, and after ordering the sale of the property under the trust deed and the payment of the creditors secured thereby, ordered "that after disbursing such funds as aforesaid, the said Ira E. Barber, as such trustee, shall pay or cause to be paid any residue of said purchase price into his hands coming to the said trustees of the Bergh Mining and Milling Company, to the use and benefit of the stockholders of said company." G. A. Bergh and Jennie Bergh have appealed from the whole of the said judgment.

The only one of the trustees for the Bergh Mining and Milling Company served with notice of appeal was Phillips. It is contended that the other trustees of the defunct corporation are adverse parties to the appeal, and not having been served with notice thereof, the appeal must be dismissed.

We are unable to find in the pleadings, which are voluminous, that the appellants have set up any claim adverse to the Bergh Mining and Milling Company. Should the judgment be reversed or modified upon this appeal, we are unable to see how the interest of the Bergh Mining and Milling Company would be affected prejudicially. The corporation has not been called upon to defend against any claim of appellants, and a reversal or modification of the decree appealed from could not affect in any manner its interest in the property involved in the action.

In the case of *Holt* v. *Empey*, 32 Ida. 106, 178 Pac. 703, it is said that: "Adverse party means any party who would be prejudicially affected by a modification or reversal of the

judgment or order appealed from." The motion to dismiss will be denied.

The motion to strike the reporter's transcript of the testimony is based upon the ground, among others, that no order of the trial court was secured extending the time for the preparation of said transcript beyond August 1, 1918, and that said reporter's transcript was not lodged until November 22, 1918.

Appellants do not appear to have made any showing to the trial court as a reason why it should have settled the transcript notwithstanding the fact that it was not lodged within the time granted.

Seasonable and proper objection having been made to the trial court to the settlement of the transcript upon the grounds stated, it should have refused to settle the same. (*Robinson v. St. Maries Lumber Co.*, 32 Ida. 651, 186 Pac. 923.)

Both appellants and respondents have filed affidavits in this court in support of, and in opposition to, the motion to strike the transcript. The showing should have been made to the court below in opposition to and support of the objections to the settlement of the transcript. However, it appears that the failure of the stenographer to prepare and lodge the transcript within the time granted by the order of the trial court was due to the failure of appellants to pay the estimated fees to the reporter for the preparation thereof.

One of the attorneys for appellants was notified of this fact by the court reporter, and also that the reporter would make no further effort to secure an extension of time. The other attorney for appellant states in his affidavit that he was laboring under the impression at all times that said reporter would give said appellant ample time to procure said fees before he would complete and lodge said transcript.

These affidavits are wholly insufficient to show that the failure to procure an extension of time for the reporter to prepare and lodge his transcript, and the failure of the re-

porter to lodge his transcript within the time granted, was without fault on the part of appellants.

The statute requires the reporter to lodge his transcript of the testimony within the time granted by the trial court. The courts have no authority to disregard this statute or to consider a transcript lodged in violation of its terms, if failure to lodge it in time is due to the fault of appellant, unless the requirements of the statute are waived by respondent.

The order of the trial judge in settling, or refusing to settle, the transcript may be a special order made after final judgment and appealable under C. S., sec. 7152. We are satisfied, however, that the remedy by appeal, if such remedy there be, is not exclusive. The court has power to deal with defects apparent upon the face of the record and may take such action as is proper upon motion of one of the parties, or, in proper cases, upon its own motion.

Counsel for respondents have also moved this court to set aside and cancel a certain order made by one of the justices thereof upon the sixth day of December, 1918, wherein the time was extended for filing the record until July 1, 1919, upon the ground (1) that said order was not secured until after the expiration of six months after the appeal was perfected, and (2) that the appellants had not used diligence in causing the record upon appeal to be lodged in this court, for the reason that they had not paid the reporter and clerk of the trial court the fees due them. The reporter's transcript was not settled until January 6, 1919, and the record was filed in this court within sixty days thereafter. The order extending the time was unnecessary. Respondents have not moved to strike the entire record because not filed within six months after the perfection of the appeal without a sufficient showing of due diligence.

The motion to strike the reporter's transcript from the files will be granted, and it is so ordered.

Morgan, C. J., and Budge, J., concur.