(September 23, 1921.)

# EDMUND ELLSWORTH, Jr., Appellant, v. GEORGE E. HILL and MAUD J. HILL, Respondents.

[200 Pac. 1067.]

APPEAL—MOTION TO DISMISS—APPELLANT NOT REPRESENTED—HEARING ON MERITS—RULE 48—AFFIRMANCE OF JUDGMENT.

1. That appellant is not represented on the hearing of a motion to dismiss the appeal and files no brief is not ground for dismissing the appeal. *National Bank v. Agnew,* 12 Ida. 189, overruled.

2. If, when a cause is reached on the calendar, appellant is not represented, and files no brief, and respondent is represented, the judgment will be affirmed, in accordance with Rule 48 of this court, unless, upon examination of the record, fundamental error is found, which requires a reversal.

APPEAL from the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Action to quiet title. Motion to strike reporter's transcript sustained. Motion to dismiss appeal denied. Judgment *affirmed.*

C. A. Bandel and D. E. Rathbun, for Appellant.

Holden & Holden, for Respondent.

Counsel file no briefs.

McCARTHY, J.—The above case was set down for hearing on respondents' motions to strike the reporter's transcript of the evidence and to dismiss the appeal, and on the merits. On the hearing appellant submitted no brief and was not represented. Respondents were represented by counsel. The motion to strike the reporter's transcript of the evidence is sustained on the grounds that it is not certified by the court reporter nor settled or allowed by the trial court. The grounds of the motion to dismiss the appeal

are those stated above, and the additional ground that no brief has been filed by appellant. None of these are grounds for dismissing the appeal. *National Bank v. Agnew,* 12 Ida. 189, 85 Pac. 116, expressing the contrary view, is overruled. The facts that appellant filed no brief and was not represented by counsel on the hearing, and that respondents' counsel was present at the hearing and submitted the case are grounds for affirming the judgment under Rule 48 of this court, unless the court, after examining the record, finds fundamental error which requires reversal. We have examined the record and find no such error. Accordingly, the judgment is affirmed, with costs to respondents.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.