(October 24, 1921.)

NELLIE PAYNE JOHNSON, Plaintiff, v. HENRY F. ENSIGN, as Judge of the District Court of the Fourth Judicial District of the State of Idaho, Defendant.

[201 Pac. 723.]

PLEADING AND PRACTICE—REPORTER'S TRANSCRIPT OF THE TESTIMONY
—DUTY OF TRIAL JUDGE TO SETTLE—MANDAMUS.

Under C. S., sec. 6886, when a reporter's transcript of the testimony is duly and seasonably lodged with the clerk of the trial court, and duly delivered to the trial judge for settlement, and is in such condition that he can properly settle it so that it will conform to the truth, *mandamus* will lie to compel a settlement thereof upon the refusal of the trial judge so to do.

Original action for writ of *mandamus*. Writ issued.

Richards & Haga and Hawley & Hawley, for Plaintiff.

The writ of *mandamus* will lie to compel the judge to settle and sign a bill of exceptions or reporter's transcript, although not to control his discretion as to the particular contents of the bill or transcript. (*Hudson v. Parker*, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. ed. 424; *Ex parte Chateau-*

*gay Ore etc. Co.,* 128 U. S. 544, 9 Sup. Ct. 150, 32 L. ed. 508; *Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920; *Hansen v. Boise-Payette Lumber Co.,* 30 Ida. 801, 168 Pac. 163; *Landers v. Landers,* 82 Cal. 480, 23 Pac. 126; *Careaga v. Fernald,* 66 Cal. 351, 5 Pac. 615; *Hicks v. Masten,* 101 Cal. 651, 36 Pac. 130; *Hearst v. Dennison,* 72 Cal. 227, 13 Pac. 628; *Tibbets v. Riverside Banking Co.,* 97 Cal. 258, 32 Pac. 174; *Hyde v. Thornton (Boyle),* 83 Cal. 83, 23 Pac. 126; *Hudson v. Hudson,* 129 Cal. 141, 61 Pac. 773.)

Richard H. Johnson and C. H. Nixon, for Defendant.

"Whether there has been such laches and delay as will justify a court in refusing to settle the bill is a judicial question to be determined upon the facts shown to the court before whom the case was tried, and its decision upon this question will not be controlled by *mandamus,* in the absence of any abuse of judicial discretion." (High on Extraordinary Remedies, sec. 204; 4 C. J. 306–312; *State v. Cox,* 155 Ind. 593, 58 N. E. 849; 13 Ency. Pl. & Prac. 583, 584.)

There would seem to be no way for this court to determine whether or not there was an abuse of discretion on the part of the trial court unless the evidence upon which that court acted is before this court. (*Brown v. Prewett,* 94 Cal. 502, 29 Pac. 951.)

RICE, C. J.—This is an original application for a writ of *mandamus,* directed to the defendant, as judge of the district court of the fourth judicial district of Idaho, directing him to settle the reporter's transcript in the case of *Kate Cecelia Bedal v. Nellie Payne Johnson and the Florence Livestock Company.*

The transcript was lodged with the clerk of the trial court on August 29, 1920. It was duly served on counsel for respondent, and on Sept. 30, 1920, plaintiff requested the clerk to deliver the transcript, together with the alleged errors noted by respondent in that case, to defendant for

settlement. On Oct. 1, 1920, the clerk delivered the transcript, with the objections of respondent, to defendant. There is no contention that there was any negligence or default on the part of plaintiff prior to the delivery of the transcript to the defendant. On Aug. 9, 1921, defendant refused to settle the transcript, giving as his reason therefor that "due and proper diligence has not been shown by the defendant Nellie Payne Johnson in procuring settlement of said reporter's transcript between Sept. 30, 1920, and June 3, 1921."

In this case we have no question presented as to negligence or default prior to the delivery of the transcript to the trial judge, nor any claim that the transcript is in such condition that the judge cannot properly settle it so that it will conform to the truth. When such questions arise, it may well be that the action of the trial court in settling or declining to settle the transcript is discretionary, and will not be controlled by *mandamus*.

Considerable space is occupied in the record in showing what transpired between counsel for appellant and respondent in the case of *Bedal v. Johnson* after delivery of the transcript to defendant, in an effort on the one hand to show that appellant in that case used due diligence, and on the other that she was guilty of negligence. In our opinion such showing is unnecessary.

When a reporter's transcript is seasonably delivered to the trial judge for settlement, it is the duty of the judge promptly to settle it.

In C. S., sec. 6886, it is provided, among other things, as follows:

"At the expiration of the time limited for designating errors, the transcript, with any notice designating errors shall be transmitted to the judge who tried the cause, by the clerk, on application of either party, and such judge shall forthwith settle the same, notifying the parties by such notice as he deems adequate of the time and place of settle-

ment in the event of any error designated by notice and not agreed to, . . . . ''

Under this statute, after a transcript is duly delivered to the trial judge for settlement, he becomes the actor.  The law imposes upon him the duty of giving such notice as may be required and of settling the transcript when it is in such condition that he can properly settle it.  In our opinion the duty is unqualified, and *mandamus* is the proper remedy to be invoked in case of refusal.

Let the writ issue.  No costs awarded.

Budge, McCarthy, Dunn and Lee, JJ., concur.