(April 22, 1922.)

## JACOB HOFFMAN, Appellant, v. PAYETTE HEIGHTS IRRIGATION DISTRICT, a Corporation, Respondent.

[205 Pac. 515.]

APPEAL AND ERROR—AFFIRMANCE UNDER RULE 48.

Where a cause is reached for hearing on the calendar of this court and appellant has not filed a brief and does not appear, respondent is entitled to have the judgment affirmed, in accordance with Rule 48 of this court, where the record on appeal discloses no fundamental errors in the trial below.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action to quiet title. Judgment for defendant and plaintiff appeals. *Affirmed.*

R. E. Haynes and Thompson & Bicknell, for Respondent.

Ed R. Coulter and F. H. Lyon, for Appellant.

Counsel file no briefs.

LEE, J.—This action was commenced by appellant to quiet title to certain lands described in his complaint, lying within the defendant irrigation district.

The complaint alleges that for the years of 1913 to 1916, inclusive, the officers of respondent irrigation district pretended to levy assessments upon appellant's land for maintenance and operating expenses; that such assessments were unlawfully and illegally made because they did not comply with the statutory requirements; and that the sales thereafter made to enforce such assessments were illegal and void, but that such sales cast a cloud upon appellant's title, which he prays to have removed and the title quieted.

The answer denies the allegations of the complaint, and alleges that all of said proceedings were legal and valid, and that by reason thereof respondent, who had purchased the land at the sales, was the owner by virtue of such proceedings.

A trial was had to the court without a jury, and an interlocutory decree entered requiring appellant to pay into court the amount of said assessments levied during said years, or in lieu thereof judgment should be entered for respondent. Appellant failed to make such payment, and final judgment was entered upon such default, adjudging that appellant take nothing by reason of his complaint and that respondent recover costs.

An appeal was perfected, and a transcript of the record served, settled and filed in this court in due time. When the cause was reached for hearing, appellant failed to appear, and had not filed a brief. Respondent appeared by its counsel and asked that the judgment of the court below be affirmed, in accordance with Rule 48 of this court and the ruling in *Ellsworth v. Hill,* 34 Ida. 359, 200 Pac. 1067. When a cause is reached on the calendar and appellant is not represented and has failed to file a brief, and respondent appears, the judgment will be affirmed in accordance with said Rule 48, where it appears from the record that there are no fundamental errors in the record which require a reversal. We have carefully examined this rec-

ord, and find it sufficient to support the judgment of the court below, and the same is affirmed, with costs to respondent.

·Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.