(No. 5688.    October 8, 1931.)

DORA M. AKER, Respondent, v. LESLIE J. AKER, Respondent, and CARRIE B. AKER, Appellant.

[4 Pac. (2d) 359.]

Oppenheim & Lampert and Barber & Barber, for Appellant.

Delana & Delana and C. S. Hunter, for Respondent Dora M. Aker.

J. W. Galloway, for Respondent Leslie J. Aker.

BUDGE, J.—This is an original petition made to this court to settle what is designated as a "transcript of testimony as lodged and filed in the District Court of the Third Judicial District for Ada county as a bill of exceptions on appeal."

It appears from the record that Dora M. Aker brought an action for divorce against Leslie J. Aker, wherein Carrie B. Aker, mother of Leslie J. Aker, was made a party defendant under the alleged claim that said Carrie B. Aker held in her name certain real property as trustee, which said property was the community property of Leslie J. Aker and Dora M. Aker. Upon the trial of the action for divorce Carrie B. Aker, upon her application, was relieved of the necessity of meeting any of the issues touching the divorce

proceedings. The court, however, denied her application for dismissal as a party to the action, whereupon Carrie B. Aker filed a separate answer and cross-complaint in which she denied that the real property standing in her name was held by her as trustee and in her cross-complaint alleged that Leslie J. Aker and Carrie B. Aker claimed some right, title or interest in the property and that the title to said property be quieted in her. Dora M. Aker answered the cross-complaint of Carrie B. Aker denying each and all of the material allegations contained therein except admitting that she claimed an interest in and to said real property standing in the name of Carrie B. Aker. Other matters set out in the pleadings we deem immaterial for the purpose of disposing of the matters before us.

The cause was tried by the court, testimony being first taken upon the issues raised in the divorce action and thereafter evidence was taken upon the issues raised as to the ownership of the real property. The trial court made findings of fact, conclusions of law and decree awarding a divorce to Dora M. Aker and decreeing that the certain real property standing in the name of Carrie B. Aker was community property held by her in trust for Dora M. Aker and Leslie J. Aker, and apportioned said real property between Dora M. Aker and Leslie J. Aker subject to a small undivided interest awarded to Carrie B. Aker. It is not necessary to mention other property covered by the decree. From that part of the judgment apportioning said property as aforesaid and that part of the judgment awarding costs against appellant and from an order denying her motion for new trial Carrie B. Aker has appealed.

■■ Thereafter, upon proper application by appellant, the trial court made its order directing the official reporter to prepare a transcript of the testimony and the proceedings had with respect to the real property involved, whereupon a transcript was prepared. Upon the service of said transcript respondent Dora M. Aker made exceptions thereto in that testimony of certain witnesses, which testimony she claimed was material touching the matters involved in the

appeal, with reference to the real property in controversy, was not contained in the transcript, such testimony having been considered by the trial court in arriving at its findings of fact, conclusions of law and judgment, and bearing directly upon the credibility of the appellant and her witnesses. The action was tried by Hon. Dana E. Brinck, who, prior to the preparation of the transcript had resigned as such district judge. The transcript was thereupon presented for settlement to Hon. Charles F. Koelsch, senior judge of that district, who declined to settle the same. Thereafter the transcript was submitted for settlement to Hon. Charles E. Winstead, successor to Judge Brinck. A hearing was had upon the application for settlement of the transcript and the objections thereto, based on affidavits. After due consideration Judge Winstead made his order directing that evidence of certain witnesses be included in the transcript. Appellant's counsel declined to comply with such order. Whereupon Judge Winstead made an order declining to settle the transcript. Appellant then filed her petition in this court in which she requests that this court settle and allow the transcript presented to the lower court as a bill of exceptions on appeal.

As we understand, this is not a petition to settle a single exception in the transcript but to settle an entire transcript which the lower court has refused to settle.

Under C. S., sec. 6885, authority is vested in Judge Winstead, as successor to Judge Brinck, to settle this transcript, and he did not refuse to settle a transcript but did refuse to settle the transcript submitted to him for the reasons, as he viewed it, it did not contain all of the material evidence upon the question of the ownership of the real property in question, and by order required that this testimony be inserted. C. S., sec. 6884, provides:

"If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same . . . . and the bill when proven, must be certified by a justice as correct, and filed with the clerk of the court

in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause.''

In *Hansen v. Boise Payette Lumber Co.*, 30 Ida. 801, 168 Pac. 163, it is held that under the statutes of this state the supreme court has no power to settle an entire bill of exceptions, but its power is restricted to those cases where the trial court failed to allow an exception and not where the court refused to settle the transcript as a whole. (See, also, *Moody v. Crane*, 34 Ida. 103, 113, 199 Pac. 652.) As we have no authority to settle the transcript as a whole the petition must be denied and it is so ordered.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.