(No. 5825.   January 25, 1932.)

DORA M. AKER, Respondent, v. LESLIE J. AKER, Respondent, and CARRIE B. AKER, Appellant.

[8 Pac. (2d) 777.]

Oppenheim & Lampert and Ira E. Barber, for Appellant.

Delana & Delana and C. S. Hunter, for Respondents.

LEEPER, J.—The matter immediately before us is a motion to dismiss an appeal from two orders of the district court of Ada county, one dated August 17, 1931, requiring additional testimony to be included in the reporter's transcript presented for settlement by the appellant, and one dated September 4, 1931, refusing to settle the transcript. An appeal is also pending from the judgment and an order denying new trial, which need not be considered in this inquiry. Briefly the facts out of which this appeal arose are as follows: The original action was filed by Dora M. Aker against Leslie Aker for divorce, in which the appellant, Carrie B. Aker, was joined as a defendant in the capacity of a fraudulent grantee of community property. Upon issues properly framed by pleadings the case went to trial, and by agreement of the parties the divorce action was tried separately from the action for the recovery of the property from the appellant. Thereafter on August 26, 1930, one decree was entered, covering all matters involved in the entire suit, from which Carrie B. Aker appealed by filing notice on November 24, 1930. A praecipe was filed December 4, 1930, and an order for a reporter's transcript was

entered on the same date. This order provides, among other things, as follows:

"That J. A. Weaver, who was at the trial of said cause the official court reporter of this court, be, and he hereby is, directed and required to prepare a transcript of the testimony and proceedings of this court in connection with the separate trial of the issues involving the property of said Carrie B. Aker." (Folio 237.)

Thereafter, extensions of time were granted from time to time by the court, and the transcript was finally prepared and lodged by the reporter on June 4, 1931. The transcript was served upon attorneys for the respondent and in due season they filed written designations of error in the transcript, all of which were conceded by the appellant except one, a consideration of which brings us to the center of this controversy. The transcript which was presented for settlement implicitly followed the order and covered only the testimony received in that portion of the action pertaining to the property of this appellant. The objection designated was that the transcript did not contain all of the material and relevant evidence submitted to and used by the court in arriving at his findings of fact, and upon which his conclusions of law and judgment were based, the reference being particularly to evidence of witnesses introduced upon the divorce phase of the action. Upon a hearing for a settlement of the transcript before Judge Winstead, who had succeeded Judge Brinck, the trial judge, the respondent was required to specify the names of the witnesses whose testimony was required and on the twelfth day of August, 1931, such list was submitted containing the names of thirty witnesses. On August 17th the court entered an order directing the inclusion of all of the evidence of these thirty witnesses in the transcript, after hearing and in the exercise of his discretion. (Folios 1436–1439.) On September 4th the attorneys for the appellant filed a written refusal to comply with this order, setting forth as a reason the impecunious condition of the appellant and the excessive cost of such a transcript. (Folios 1444, 1445.) On the same date the court made and entered an order refusing and

declining to settle the reporter's transcript theretofore lodged. On October 16, 1931, notice of appeal from both orders was served and filed, and thereafter proceedings on appeal were pursued, the regularity of which is not questioned by the respondents. The motion to dismiss is made upon two grounds: (1) That the orders appealed from are not appealable. (2) That *mandamus* is the exclusive remedy.

It appears that appellant heretofore made an original application to this court to settle the transcript (*Aker v. Aker*, decided October 8, 1931, and reported *ante*, p. 126, 4 Pac. (2d) 359), which was denied. Respondent contends that the decision therein announced is controlling here. This contention cannot be sustained, as our decision in that proceeding only went to the extent of holding that this court had no original power to settle a transcript as a whole, but that C. S., sec. 6884, conferred upon it only the power to allow an exception when the lower court so refused to do. As we view it, this decision is not in point upon the particular questions involved in this motion.

█ █ The controlling statutes with reference to the appealability of the orders appealed from are C. S., sec. 7149, which provides: "A judgment or order, in a civil action, except when expressly made final, may be reviewed as prescribed in this code, and not otherwise," and C. S., sec. 7152, which provides, among other things: "An appeal may be taken to the Supreme Court from a District Court . . . . from any special order made after final judgment . . . . within 60 days after the order . . . . is made and entered on the minutes of the court . . . . "

Both of the orders in question were made and entered after judgment. It seems clear that these are such special orders as fall within the terms of the statute rendering them appealable. It is difficult to conceive how the rights of the appellant can be otherwise protected. Not being expressly made final by statute, these orders must be subject to review, else there is direct contravention of C. S., sec. 7149. This court has said: "The order of the trial judge in settling, or refusing to settle, the transcript may be a special order and

appealable under C. S., sec. 7152.'' (*Bergh v. Pennington,* 33 Ida. 198, 191 Pac. 204, 205.)

It was the purpose of the statutes to give the supreme court jurisdiction to review any decision of the district court. (*Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916; *Shumake v. Shumake,* 17 Ida. 649, 107 Pac. 42.) The orders in question, being special orders made after judgment, are appealable orders under the statutes. (*W. J. Somers Co. v. Smith,* 45 Cal. App. 703, 188 Pac. 311.)

Respondent next contends that appellant has mistaken her remedy, and that relief can only be had through a writ of mandate, directed to the lower court. This position is untenable for two reasons, to wit: (1) The orders being appealable, the appellant has a plain, speedy and adequate remedy at law which she is now pursuing. (C. S., sec. 7255; *Pond v. Babcock,* 50 Ida. 400, 296 Pac. 596; *Hanson v. Weniger,* 31 Ida. 540, 173 Pac. 1085; *Beem v. Davis,* 31 Ida. 730, 175 Pac. 959.) (2) *Mandamus* does not lie to coerce or control the discretion of the district court. (*Furbee v. Alexander,* 31 Ida. 738, 176 Pac. 97; *Johnson v. Ensign,* 34 Ida. 374, 201 Pac. 723; *W. J. Somers Co. v. Smith,* 45 Cal. App. 703, 188 Pac. 311; 8 Bancroft's Code Practice and Remedies, sec. 6340.)

If the court is vested with a lawful discretion as to whether or not he shall certify the transcript, the exercise of that discretion cannot be controlled by *mandamus.* That it was so vested with discretion in the instant case is beyond question. The case falls squarely within the rule that a person seeking a writ of mandate must have a clear legal right to have the act done and it must be the clear duty of the court to act. (*Brooks v. Edgington,* 40 Ida. 432, 233 Pac. 514; *Logan v. Carter,* 49 Ida. 393, 288 Pac. 424.) Here neither requirement prevails. For the abuse of that discretion by the court the statute provides a review by appeal, which is the remedy here pursued. The motion to dismiss is denied.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.