(No. 5825.   May 3, 1932.)

DORA M. AKER, Respondent, v. LESLIE J. AKER, Respondent, and CARRIE B. AKER, Appellant.

[11 Pac. (2d) 372.]

Oppenheim & Lampert, Ira E. Barber and J. W. Galloway, for Appellant.

Delana & Delana and C. S. Hunter, for Respondent Dora M. Aker.

LEEPER, J.—Dora M. Aker and Leslie J. Aker were wife and husband, and Carrie B. Aker is the mother of the latter. On January 20, 1930, Dora M. Aker filed a complaint for divorce against Leslie J. Aker, alleging cruelty. In this action Carrie B. Aker was joined as a party defendant, the complaint charging in substance that she held the title to certain real property in trust for the use and benefit of the community composed of the plaintiff and the defendant and which was subject to disposal by the court in the pending

action. Carrie B. Aker filed a demurrer for misjoinder of parties defendant, which was overruled. Thereupon an answer was filed denying the allegations of the complaint, and defendant cross-complained, setting up a fee-simple title in herself and praying that the same be quieted. Embodied in the answer was a motion for separate trial of the issues pertaining to the property. This motion was granted and an order was entered by the trial judge directing a separate trial of the property issues and relieving Carrie B. Aker from participating in the divorce trial.

Thereafter that phase of the case relating to the divorce action went to trial, without the presence of Carrie B. Aker or her attorneys, and was fully completed. After the conclusion of the divorce hearing that part of the cause relating to the title of the property came on for hearing on June 26, 1930, the minute entry and the reporter's recital indicating that it was a separate trial, entirely distinct from the divorce issue, and evidence was introduced on behalf of the plaintiff and the defendant Carrie B. Aker. The record indicates that all of the evidence relative to the title to the property was introduced at the second hearing, and none of it at the first hearing. This was expressly stated by the trial judge during the course of the trial.

At the conclusion of the second hearing the court entered one judgment, granting Dora M. Aker a divorce against Leslie J. Aker, awarding her a part of the property in question absolutely, and awarding Leslie J. Aker the balance of the property absolutely, both subject to a one-seventeenth interest only in Carrie B. Aker. The latter thereupon moved to set aside the judgment *in so far as the same affects the interests of said Carrie B. Aker,* and for a new trial, which was denied by Judge Brinck. The defendant Carrie B. Aker then served a notice of appeal only from that part of the judgment adverse to her property interests, which appeal was thereafter duly perfected. In his order directing the transmittal of exhibits to this court Judge Brinck ordered the clerk to transmit *"the original exhibits offered and admitted in evidence in the trial of the separate issues*

*involving the property rights of Carrie B. Aker,"* and in his order to the reporter the judge required him to prepare *"a transcript of the testimony and proceedings of this court in connection with the separate trial of the issues involving the property of the said Carrie B. Aker."* The reporter thereupon prepared his transcript and certified that it *"constitutes a full, true and complete transcript . . . . and contains all of the evidence offered or introduced on the said trial . . . . and contains all of the evidence in relation to the property rights so far as affecting the defendant, Carrie B. Aker, is concerned."*

In the meanwhile, Judge Brinck had resigned and Judge Charles E. Winstead succeeded to his office. After the transcript was served, the respondent Dora M. Aker filed a designation of errors, urging as one of the grounds the omission of the testimony of a large number of witnesses who testified in the divorce action on behalf of the plaintiff. The respondent, pursuant to an order, thereafter furnished a list of some thirty witnesses who had testified at the divorce trial, but not at the subsequent separate trial relating to property interests, and some two months after the time for designating errors had expired, moved for an order requiring appellant *"to include in the reporter's transcript of evidence on appeal, the testimony of the witnesses hereinafter named, whose evidence was relative to the material issues in the action between the plaintiff Dora M. Aker and the defendants Leslie J. Aker and Carrie B. Aker, and which evidence was in many important particulars in direct conflict with the evidence of Leslie J. Aker and Carrie B. Aker. . . . . "* So far as shown by the record, the evidence purported to have been given by the witnesses sought to be included was never presented to the court, either in substance or otherwise, upon the hearing of the motion, and there is no direct proof of its relevancy or materiality. Several affidavits were presented by appellant positively denying that the witnesses testified at all as to the property issues between Dora M. Aker and Carrie B. Aker, and affirm-

ing that their testimony was confined solely to the divorce issues between Dora M. Aker and Leslie J. Aker.

After a hearing Judge Winstead made an order requiring the appellant to include the testimony of all of the witnesses named in the motion, without any specific finding as to the relevancy or materiality of their testimony. Appellant then filed a written declination to comply with the order, because of the prohibitive expense involved, and the court entered an order on September 4, 1931, declining to settle the reporter's transcript as a bill of exceptions, from which this appeal is prosecuted.

The matter presents a new question of practice in this jurisdiction. Our statutes (C. S., sec. 7153) do not require that an appeal be taken from the whole judgment. C. S., sec. 7163, provides that the record furnished on appeal must contain, among other papers and records, ''a reporter's transcript prepared and settled as prescribed in section 6886, upon which the appellant relies. . . . . '' C. S., sec. 6886, as amended by Sess. Laws 1927, chap. 33, p. 42, provides for the preparation of the reporter's transcript in lieu of a bill of exceptions:

''Any party desiring to procure a record of evidence and proceedings made during the trial of an action or special proceeding in the district court, for use on appeal to the Supreme Court may, in lieu of preparing, serving and procuring the settlement of a bill of exceptions as in this chapter provided, procure a transcript consisting of an original typewritten copy and four carbon copies thereof from the official court reporter of the testimony and proceedings, including the instructions given or refused on the trial, *or such parts thereof as may be necessary,* in the following manner. . . . . '' (Italics ours.)

In this case no question is raised by the respondent as to the regularity of the appellate proceedings undertaken by the appellant under these and other statutes.

Section 6886, as amended, *supra,* further provides that the appellant shall procure and file with the clerk an order directing the preparation of the transcript and serve a copy

thereof upon the court reporter, whereupon, "It shall be the duty of the reporter, upon service of said copy of order and receipt of his estimated costs therefor, to forthwith prepare said transcript and to complete the same and lodge the original typewritten copy and four carbon copies thereof with the clerk of the District Court within the time allowed by said order . . . . The reporter shall append to the original and to each carbon copy of said transcript his certificate that the same is a true and correct copy of the testimony and proceedings taken at the trial, *or of such part thereof as is designated by the order."* (Italics ours.)

The reporter, pursuant to an order directing him "to prepare a transcript of the testimony and proceedings of this court in connection with the separate trial of the issues involving the property of said Carrie B. Aker," did prepare a transcript to which is appended his certificate to the effect that *"the said transcript contains all of the evidence in relation to the property rights so far as affecting the defendant Carrie B. Aker is concerned."*

*Prima facie* verity is imputed to this certificate. "Such copy shall constitute *prima facie* the minutes of the court, and may be used on all motions for new trials, review or appeal, when the minutes of the court may be used." (C. S., sec. 6560.) This *prima facie* verity becomes conclusive if no designations of error are filed within the time designated (C. S., sec. 6886, as amended, *supra*), in which event the reporter's certificate is self-sufficient evidence of settlement.

If the transcript is duly and regularly settled by the trial judge who tried the cause after errors have been designated either by the parties or observed by the judge of his own motion, the order of settlement necessarily carries with it an imputation of the truth and correctness of the stenographer's certificate. (*Gregoric v. Percy-La Salle Mining & Power Co.*, 52 Colo. 495, Ann. Cas. 1913E, 1030, 122 Pac. 785; *Bowman v. Ogden City*, 33 Utah, 196, 93 Pac. 561; *Mitchell v. Jensen*, 29 Utah, 346, 81 Pac. 165; Bancroft's Code Practice and Remedies, p. 8828, sec. 6658.)

This certificate is, however, pending the lapse of time designated for specifying errors and omissions, open to attack in the form and manner prescribed by C. S., sec. 6886, as amended, *supra*. Within five days after the service of the stenographer's transcript upon him by the clerk, the appellant or his attorney must serve one copy thereof upon the adverse party or his attorney, "together with a notice particularly designating by page and line any *errors or omissions* which he claims to be disclosed by the transcript, in the event that he claims that there are any such errors or omissions." The statute then provides that the adverse party "shall have ten days after such service has been completed within which likewise to point out by notice any errors in said transcript and to file the said notice with the clerk of the court, and serve a copy thereof on the adverse party serving the transcript."

The trial judge, before settling a reporter's transcript procured in lieu of a bill of exceptions, has authority, and it is his duty, on his own motion or on the suggestion of either party, to make such record speak the truth. (*Robinson v. St. Maries Lumber Co.*, 32 Ida. 651, 186 Pac. 923; 8 Bancroft's Code Practice and Remedies, sec. 6874.) If, however, errors have been designated and there exists dispute whether the transcript speaks the truth, then the action of the judge in settling or declining to settle it is a matter resting entirely in his discretion. (*Aker v. Aker*, (No. 5825) 51 Ida. 555, 8 Pac. (2d) 777, decided January 25, 1932; *Johnson v. Ensign*, 34 Ida. 374, 201 Pac. 723; *Grisinger v. Hubbard*, 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *Furey v. Taylor*, 22 Ida. 605, 127 Pac. 676; *Wells v. Culp*, 30 Ida. 438, 166 Pac. 218; *Minneapolis Threshing Machine Co. v. Peterson*, 31 Ida. 745, 176 Pac. 99; *Ellsworth v. Hill*, 34 Ida. 359, 200 Pac. 1067; *Anderson v. The Walker Company*, 38 Ida. 751, 225 Pac. 144, 145.)

This statement is of course qualified by the provisions of the 1927 amendment (Sess. Laws 1927, chap. 33), provided there are no designations of error, in which event the stenographer's certificate is sufficient. However, the stenog-

rapher's certificate, even in the absence of objections, is not finally binding upon the judge, and he may always, in accord with the rule, make the transcript speak the truth.

As stated in *Anderson v. The Walker Company, supra,* "The statute contemplates that the court or referee who heard the evidence had an interest in having the record correctly state what was done." This purpose of the statute is of necessity avoided when any judge undertakes to settle the transcript other than the trial judge who heard the case and entered the decree and order from which the appeal is pursued. Judge Winstead, as the successor in office of former Judge Brinck, has authority to settle this transcript under the provisions of C. S., sec. 6885, and rule 5 of this court. (*Aker v. Aker,* 51 Ida. 126, 4 Pac. (2d) 359.) He, however, is a stranger to the record, and we do not feel constrained to give as much weight to his conclusion in a discretionary matter such as this as we would were he the judge who tried the case. It is our duty to examine the record in this case as the *nisi prius* court should do. (*Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752.)

The question presented is whether or not the transcript certified to by the court reporter should be settled as lodged, or whether there should be included therein the testimony of the witnesses who testified at the trial involving the issue of divorce between Dora M. Aker and Leslie J. Aker. The statute (C. S., sec. 6886, as amended, *supra*) contemplates that only so much of the reporter's transcript as may be necessary need be brought up by the appellant. A careful perusal of the record indicates that former Judge Brinck meticulously segregated the trial of the divorce phase of the action from the trial of that phase relative to the property rights of Carrie B. Aker. By his specific order he granted a. separate trial on these issues and Carrie B. Aker was relieved from the necessity of meeting any issue in the divorce case. Neither she nor her attorneys participated therein. Former Judge Brinck stated in the reported record that no evidence relative to the property rights of Carrie B. Aker was heard or considered by him in the first

trial. His order to the clerk to prepare the exhibits and his order to the reporter to prepare a transcript both clearly indicate his intention to keep the two matters separate. The reporter has certified that his transcript contains all the evidence relative to the property issue, which is met by a specification of omission which neither names the witnesses nor sets out the substance of their testimony. It is true that some two months after the time for designating errors had expired a list of witnesses was submitted with a motion that their testimony be included, which is a proceeding unauthorized by statute and should not be considered. Taking it at its face value, however, the motion is not proof and no affidavits or other evidence were produced in support of it. It was met by sworn proof of others who participated in the trial that no evidence was adduced from said witnesses pertaining to the property issue. The utmost contended by respondents is that the evidence of these witnesses *contradicted* or *impeached* the testimony of Leslie J. Aker and Carrie B. Aker, a bare assertion in their motion and in their briefs.

C. S., sec. 6886, as amended, *supra,* provides that the appellant may designate "any errors or omissions," while as to the respondent it provides that he shall have ten days within which to "point out by notice any *errors.*" Suggestion is made by counsel for appellant that inasmuch as the statute expressly omits the word "omissions" in the latter case, a respondent has no right to designate "omissions" as "errors." This contention cannot be sustained, inasmuch as the omission of pertinent evidence would be an error, which the judge might correct of his own motion. Certainly the respondents cannot be denied the same rights accorded to the appellant in the preparation of the transcript, as it is to her interest to have it complete and correct equally as much as it is to the interest of the appellant. This is not to say that the respondent is entitled as a matter of right to the entire record in every case. He can only require such part thereof as may be necessary to review the ruling appealed from, and the resolution of the ques-

tion as to whether necessary evidence has been omitted from
the transcript is an act which calls for the exercise of dis-
cretion by the judge who settles the transcript. If neces-
sary evidence has been omitted by the appellant, he may
be required to insert it in the record. The general rule is:

"It is not always necessary to bring up all the evidence,
however. Usually only so much of it need be included in
the record as is necessary to present the errors alleged, or,
in other words, so much of it as is necessary to explain the
points relied upon for reversal and to enable the appellate
court to understand and intelligently pass upon them. If
the appellant seeks to review a single question only, it is
sufficient to bring into the record all of the evidence bearing
on that question, and if it is shown what evidence is omitted,
questions presented which do not involve a consideration of
the omitted evidence may be reviewed." (Bancroft's Code
Practice and Remedies, p. 8808, sec. 6644.)

If the entire judgment is challenged for insufficiency of
the evidence, all of the evidence must be produced. If,
however, the objection to the sufficiency goes only to one
specific part of the case, the appellant is only required to
bring up all of the evidence given on that point.

"If the sufficiency of the evidence complained of were
directed only to one specific part of the case, it might be
unnecessary to bring all the evidence here, provided it were
certified by the judge that there was no evidence on that
point, or that the record contained all the evidence given
on the particular point." (*Stoddard v. Fox*, 15 Ida. 704,
99 Pac. 122.)

This appeal being only from that portion of the
judgment affecting the property rights of Carrie B. Aker,
then the appellant is only required to bring up *all* of the
evidence pertaining to that part of the judgment. Carrie
B. Aker had been retained in the case by the court in the
exercise of its equity jurisdiction, for the purpose of main-
taining the *status quo* until an adjudication of the property
rights could be had. (*California Filter Co. v. Superior
Court*, 97 Cal. App. 99, 274 Pac. 1012.) The trial judge

kept the property issues separate in every particular, and in view of the record which we have recited, it is apparent to us that this reporter's transcript does contain all of the testimony relative to the judgment adjudicating the property rights between Carrie B. Aker and the former community composed of Dora M. and Leslie J. Aker. The appellant is not interested in the division of property as between the divorce litigants, nor does that division affect the issue as between the community and Carrie B. Aker. We are constrained to accept as true the statements of the trial judge, the certificate of the stenographer and the sworn affidavits of parties who participated in the trial, rather than the bare motion of respondent unsupported by any evidence whatsoever. If the respondent sought to challenge the completeness of the record, she should have pointed out in detail in what respect it was lacking, and should have furnished the judge with a copy of the testimony claimed to have been omitted, or at least with a summary of the substance thereof. (*State v. Wilson,* 43 Okl. 112, 141 Pac. 426.)

If the trial judge had considered evidence other than that submitted in this transcript, after he had ordered a separate trial of the property issue and relieved the appellant of the duty of appearing in the divorce trial, he would have broken faith with her, and this we refuse to presume. As urged by respondent, the testimony of the proposed omitted witnesses goes only to the impeachment of Leslie J. Aker and Carrie B. Aker, and is desired for no other purpose. The trial judge having found against them on the facts, this court is not interested in impeaching evidence *dehors* the immediate record, he being the sole judge of their credibility.

It may be remarked that it would be a consummation devoutly to be wished for if transcripts upon appeal were carefully confined only to such portions of the record as were necessary to enable us to understand and intelligently decide the points relied upon. The bringing up of an irrelevant record entails useless expense upon the client and un-

necessary labor on the part of this court, which might well be avoided.

The orders are reversed and the case is remanded, with instructions to Judge Winstead to settle the transcript as lodged and certified to by the reporter. Costs are awarded to the appellant.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.